[No. 2,201.]

CARMEN AMESTI DE McKINLAY, THOMAS MADA-RIAGA DE MENDIA, AND PUDENCIANA VAL-LEJO DE AMESTI v. DANIEL TUTTLE, GUADA-LUPE RODRIGUES, A. MORH, CHARLES MOSS, HENRY MARTIN, JOHN GRIMER, AND JOSHUA BROWN.

JUDGMENT FOR DAMAGES.—A judgment for damages, in an action of ejectment, where no damages are alleged in the complaint, is clearly erroneous.

RECORD ON FORMER APPEAL, HOW FAR TO BE CONSIDERED.—The record on a former appeal in the same action may be looked into for the purpose of ascertaining what facts were then before the Court, so as to see to the correct application of the rule that such decision is the law of the

case ; but except for such purpose the former record, unless it is stipulated by the parties, cannot be considered.

Decision on Former Appeal, how far the Law of the Case.— The principles and rules announced by the Supreme Court on a former appeal will be recognized on a subsequent appeal as the law of the case, if the same questions are again presented on the same state of facts.

Doctrine of Hahn *v.* Kelly, 34 Cal. 391.—The doctrine announced in *Hahn* v. *Kelly*, 34 Cal. 391, as to the presumptions indulged in favor of the jurisdiction and correctness of recitals of judgments of Courts of general jurisdiction, applies only in cases where the attack is collateral, and not where the attack is direct.

What Record Must Show as Against Direct Attack.—In order to maintain a judgment on the merits, directly attacked as on appeal therefrom, it is requisite that the record should show that the Court had jurisdiction of the person against whom the judgment was rendered, and that such judgment was warranted by the pleadings of the party in whose favor it was rendered ; and in determining these questions recitals in the judgment cannot be regarded.

Recitals in Judgment not Received on Direct Attack.—Upon a direct attack, the recitals in a judgment will not be accepted as a substitute for the summons and proof of service, to show jurisdiction of the person of defendant, any more than would recitals in it be received instead of the necessary allegations of the pleadings.

Judgment in Ejectment not Authorized unless Defendant Properly Charged.—In ejectment it is an indispensable averment of the complaint that the defendant ousted and withholds possession from the plaintiff; and no judgment can be regularly taken in such case against a person, as to whom there is no such allegation.

Action Against Persons Sued by Fictitious Names.—Where persons are sued by fictitious names, judgment against them will not be binding unless the complaint be amended, as provided by section sixty-nine of the Practice Act, by inserting their true names, so as to allege that *they* are the persons charged.

Answer by Persons Sued under Fictitious Names not a Waiver of Amendment of Complaint.—Where persons sued and served under fictitious names appear and answer the complaint, such answer is not a waiver of an amendment of the complaint describing them by their true names.

Complaint Against "John Doe" does not Support Judgment Against "Guadalupe Castro."—Where in ejectment against John Doe and others, the complaint alleged that the true names of such defend-ants were unknown, and prayed that when ascertained they might be inserted with apt words to charge them ; and Guadalupe Castro answered by his true name ; and there was judgment against him, but the record

showed no amendment of the complaint by inserting his true name : *held*, on a direct appeal by him, that the judgment was not binding and should be reversed.

Appeal from the District Court of the Third Judicial District, County of Santa Cruz.

This was an action of ejectment, commenced February 12th, 1866, to recover possession of the Rancho "Los Corralitos," in Santa Cruz County. The complaint did not aver any damages, and named sixty-seven defendants, and averred that the true names of twenty-eight of them, sued as John Doe, Richard Roe, and others, were unknown to plaintiffs, and prayed that, when ascertained, they might be inserted with proper and apt words to charge them and each of them. On January 7th, 1868, Guadalupe Castro, Simeon Castro, and Joaquin Castro, none of whom were named in the complaint, filed a separate answer, naming themselves as defendants in the action. At the April Term, 1869, the cause came on for trial in the Court below, and a judgment was rendered against said Castros for possession of the property and five thousand dollars damages, and reciting, among other things, "That the defendants, Guadalupe Castro, Simeon Castro, and Joaquin Castro, were duly personally served with the summons and complaint in this action; that they demurred to said complaint, and, after argument, said demurrer was duly overruled; that thereupon said last named defendants answered said complaint, and subsequently, by leave of the Court, held January 7th, 1868, filed an amended answer."

There does not appear to have ever been any amendment of the complaint, inserting the true names of the Castros as defendants therein; but the plaintiffs (respondents here) appended to their argument the record of an appeal in the same case, taken in 1867, and reported in 34 Cal. 235—"not as adding anything to the recitals in the judgment in the

transcript before this Court, but as showing that those recitals are, in fact, supported by the whole record, and the steps which these defendants took seriatim, after being served in the action."

Guadalupe Castro, Simeon Castro, and Joaquin Castro appealed from the judgment.

*John Currey*, for Appellants.

The Castros, who alone have appealed to this Court, are not named in the complaint. They are not charged in or by the complaint with anything—hence the judgment against them is without any basis on which it can stand. There is no principle more completely settled than that the allegations and proofs must correspond. The plaintiff cannot be entitled to a judgment against any person, unless that person is charged by the plaintiff—that is, unless a cause of action is alleged against that person. It is true that by section sixty-nine of the Practice Act, the Castros might have been made parties; but that section required and still requires that when the true names of defendants are discovered, the complaint shall be amended by the insertion of the true names. Except for that section the plaintiffs could not have sued any person by a name not belonging to him; and, consequently, the Castros could not become charged by the complaint, and legally bound by the judgment, without being made defendants by an amendment, as therein provided.

Again, the complaint contains no allegation in relation to damages, yet the Court below gave judgment against the Castros in the sum of five thousand dollars as damages. It will be observed that no issue was tendered or joined as to damages, and nothing in the pleadings is said in relation to damages to which evidence could have been directed. It cannot be presumed the Court admitted any evidence upon the ex parte trial on the subject of damages, because there

was no issue tendered or joined on the subject. If the Court did admit such evidence, it could not authorize a judgment for the plaintiffs, for the reason that there was nothing in the complaint to sustain such judgment. To entitle the plaintiffs to damages there must be an averment of the facts necessary to establish a cause of action for damages. (*Green* v. *Covillaud,* 10 Cal. 324; *De Castro* v. *Clarke,* 29 Cal. 16.)

The record in the case before the Court is all that counsel for the parties have any right to refer to, and beyond which the Court will not look. If the plaintiffs are to be permitted to refer to the case reported in 34 Cal. 235, the defendants may claim the like privilege of referring to the record and judgment in *Castro's Executors* v. *Amesti,* 14 Cal. 38, as a complete bar to plaintiffs' right of action in this case.

*William A. Cornwall,* also for Appellants.

*William Irvine* and *William H. Patterson,* for Respondents.

It was the opinion of the Court below, at the trial, that as the defendants (who take this appeal) had appeared and answered the complaint, it was within the province of the Court to hear proof and allow recovery for rents and profits. Under this state of facts the plaintiffs now offer to remit all claim for rents and profits, and herewith offer to file a release thereof, and, if the judgment for damages has been to any extent executed, to make restitution. And upon these conditions they ask an affirmance of the judgment. (*Carpentier* v. *Gardner,* 29 Cal. 160; *Curtiss* v. *Herrick,* 14 Cal. 114; *Prince* v. *Payne,* 14 Cal. 419; *Doll* v. *Fuller,* 16 Cal. 432; *Union Water Company* v. *Murphy's Flat Fluming Company,* 22 Cal. 620.)

The appeal here is upon the judgment roll, and upon this must the efficiency of the service be decided, it being always presumed that a Court of general jurisdiction has

acquired the necessary jurisdiction over the parties to support the judgment, unless the record shows to the contrary. The judgment here recites the fact that the defendants—the Castros—have been duly served with process, and it is a direct adjudication by the Court upon the point, and is as conclusive upon the parties as any other decided in the cause. (*Hahn* v. *Kelly*, 34 Cal. 391; *Barrett* v. *Cariny*, 32 Cal. 537; *Sharp* v. *Lumley*, 34 Cal. 615.)

We do not overlook the real distinctions which obtain, with respect to the conclusiveness of judgments attacked collaterally, and those directly brought up for review on suggestions of error in the rendition thereof. But unless alleged errors are reserved in a statement on appeal, or bill of exceptions, so as to be proved by the record, we recognize only the following causes for which a judgment will be reversed, on appeal, upon the judgment roll, where the same judgment would be sustained against a collateral attack (excepting judgments by default): 1. Where the complaint does not state facts sufficient to constitute a cause of action. 2. When within the issues made by the pleadings they do sustain the judgment. 3. A decision sustaining or overruling a demurrer erroneously rendered. 4. A final judgment awarding, sustaining, or dissolving an injunction not authorized or justified by the record.

The Castros, by their answer, allege they are in possession of the demanded premises, and set up title in themselves. Under such claim they had a right to defend the action of ejectment prosecuted by the plaintiff to recover the possession of the premises. (*Roland* v. *Kreyenhagen*, 18 Cal. 455.) Does it matter, then, with what formalities they came into Court—whether under the cover of the fictitious names of John Doe or Richard Roe—so that their true names were discovered, and they were permitted to defend (all of which the record shows); and whether their names were formally inserted in the complaint, or whether a formal order of

amendment was entered in the minutes? At most, it was a personal privilege of the defendants; and they were competent to waive it, and they will be presumed to have done so.


By the Court, Rhodes, J.:

The appeal is taken by defendants Guadalupe Castro, Simeon Castro, and Joaquin Castro, and they appeal from the judgment alone. The record in this Court consists of the complaint, summons, Sheriff's return of service, answer of the above named defendants, and the judgment.

The judgment for damages is clearly erroneous, for no damages are alleged in the complaint.

The defendants—the Castros—are not named in the complaint, summons, or Sheriff's return, but long prior to the rendition of the judgment, they filed their answer, and it is recited in the judgment that they were duly served with the summons; that they demurred to the complaint, and that the demurrer having been overruled, they answered the complaint. The question is whether a judgment can be sustained against persons who are not mentioned in the complaint. A controversy has arisen between the parties, as to whether they are entitled to read, in connection with the record now before us, the record in the former appeal. (See 34 Cal. 235.) That record may be looked into for the purpose of ascertaining what facts were before this Court on the former appeal, so as to see the application of the rule, that the decision then made is the law of the case. In other words, we must examine the former record, in order to ascertain what was then decided. The principles and rules then announced would be recognized as the law of the case on this appeal, if the same questions were now again presented on the same state of facts, but the questions then presented do not now arise. The facts presented on that appeal—or more generally stated, the former record—cannot, except

upon the stipulation of parties, be added to, and read as a part of, the record now before us.

The plaintiff invokes the doctrine announced in *Hahn* v. *Kelly*, 34 Cal. 391, and kindred cases, following the authority of that case; but it has no application here, for in those cases the attack was collateral, while here it is direct.

In order to maintain a judgment when it is directly attacked, as in this case by an appeal, it is requisite that the record should show that the Court had jurisdiction of the person against whom the judgment was rendered, and that the judgment was warranted by the allegations of the pleadings of the party in whose favor it was rendered. We refer only to the judgments on the merits. In determining that question, recitals which may be found in the judgment cannot be regarded, for the question is whether the record sustains the judgment. Such recitals, therefore, will not be accepted as a substitute for the summons and the proof of service; and, indeed, it would be as illogical so to do, as to receive such recitals in the stead of the allegations of the pleadings.

It will not be doubted that in the action of ejectment, it is an indispensable averment of the complaint that the defendant ousted the plaintiff, and still withholds the possession of the premises; and it is equally clear, that if the plaintiff brings in a new party as a defendant, the ouster and withholding of the possession by him must be averred, otherwise no judgment can be taken against him for the recovery of the possession of the premises. We can see no reason why the same rule will not apply when the names of defendants are ascertained, who have been sued by fictitious names. It must be alleged that *they* are guilty of the ouster, otherwise there will be no relation between the complaint and the judgment. When the names of the defendants, who are sued by fictitious names, are ascertained, whether

before or after service of process, the complaint must be amended by inserting their true names.   Section sixty-nine of the Practice Act, provides that when the true name is discovered the pleading may be amended, but in our judgment the pleading *must* be amended, if it is intended to bind such persons by the judgment.

There is as little room for question that such is the proper course, as there would be in a case where the plaintiff discovers that, by mistake, he has sued the defendant by a wrong name.   When the defendants, who are sued by fictitious names, are served with process (as is claimed by the plaintiffs here), appear and answer the complaint, their answer is not a waiver of an amendment of the complaint, describing the defendants by their true names.   The averment that John Doe ousted the plaintiffs from the possession of the premises, will not support a judgment that the plaintiffs recover the possession from Castro.   The recovery must be according to the allegations of the complaint.

Judgment reversed and cause remanded.

Mr. Justice WALLACE, being disqualified, did not sit in this case.