[No. 4283.]

WILLIAM H. CAMPBELL *v.* JAMES H. ADAMS ET AL.

JUDGMENT AGAINST ONE SUED BY FICTITIOUS NAME.—If a party who is sued in ejectment by a fictitious name is served with summons, and answers by his true name, and judgment is rendered against him, the fact that the complaint is not amended by inserting his true name, does not render the judgment void, so that it may be attacked collaterally, but such party may be removed by a writ of restitution.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The plaintiff, on the 17th of April, 1868, commenced an action against Adams and others to recover possession of lands in the city and county of San Francisco. There were a large number of defendants named in the complaint, and there was an allegation that the real names of defendants John Doe and Richard Roe and others, were unknown to the plaintiff, and that he, therefore, sued them by fictitious names.

January 27, 1869, J. B. Lewis answered. His answer commenced thus: "J. B. Lewis, summoned under one of the fictitious names named in said complaint, in answer to said complaint says."

On the 7th of April, 1873, judgment was rendered against Lewis and several other defendants. On the 15th day of June, 1873, a writ of possession was issued on the judgment which was placed in the hands of the sheriff. Lewis moved to vacate and quash the writ. The court denied the motion and Lewis appealed.

*Greathouse & Haggin,* for the Appellant.

The judgment-roll disclosed the fact that as to Lewis the judgment was absolutely void.

If sued at all, it was by a fictitious name under Section 69 of the Practice Act, and the court could only acquire jurisdiction over Lewis in the mode prescribed by the statute. This Court, in *McKinlay* v. *Tuttle* (42 Cal. 578), in commenting upon this section, said: "Section sixty-nine of the Practice Act provides that when the true name is discovered the pleading may be amended; but in our judgment the pleading *must* be amended if it is intended to bind such persons by the judgment."

The Court further held that "an answer was not a waiver of an amendment of the complaint." (See, also, *Mosely* v. *Cocke,* 7 Leigh, 225.)

Under the common law rule, if a defendant, sued by a wrong name by mistake, failed to plead the misnomer in abatement, it was considered as waived, and if there was enough in the record to designate the party really intended, the judgment was valid; but here there was no misnomer. Lewis, if sued, was proceeded against as an unknown person; this could not have been done except by virtue of and under the statute; and as the requirements of the statute have not been complied with, no jurisdiction was acquired, and the judgment is void as to him.

*Wm. M. Pierson,* for the Respondent.

*McKinlay* v. *Tuttle* was a direct appeal from the judgment; this is a collateral attack.

The judgment here is final. No appeal has been, neither can be, taken from it. The application to set aside the writ is practically to set aside the judgment, and to set it aside, too, upon the ground that it is void.

Section 35 of the Practice Act is conclusive: "The voluntary appearance of a defendant is equivalent to personal service of the summons upon him," and from that time "the court is deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings."

I am now claiming merely jurisdiction. I am not now called upon, in this view of the case, to discuss whether the District Court erred in rendering judgment, or in not compelling an amendment; but whether the court had jurisdiction, for this is the sole question when a judgment of a court of general jurisdiction is collaterally assailed.

By the Court, CROCKETT, J.:

The motion by Lewis to vacate and set aside the writ of restitution is founded on the assumption that not having been named as a defendant in the action his voluntary appearance was unauthorized and void, and that the judgment against him is a nullity, notwithstanding his appearance. *McKinlay* v. *Tuttle* (42 Cal. 571) is relied upon as supporting this proposition. But that was a direct appeal from the judgment, while in this case it is sought to attack the judgment collaterally. In his answer, Lewis admits that he was served with the summons as one of the defendants sued by a fictitious name, and does not deny the fact of service in his affidavit used on the hearing of the motion. The only ground on which it is claimed that the judgment is void is that he was not named as a defendant in the original or any amended complaint. It was, doubtless, irregular, as in *McKinlay* v. *Tuttle*, to enter a judgment against him without amending the complaint and inserting his name as a defendant, and on appeal the judgment would have been reversed for error. But we are not prepared to hold that the judgment was a nullity for want of a jurisdiction to render it. When Lewis was served as a defendant sued by a fictitious name, the court acquired jurisdiction over his person, and it then became the duty of the plaintiff to amend the complaint by inserting the true name. The omission to do this rendered the judgment irregular; but it was not void.

Order affirmed.

Mr. Chief Justice WALLACE did not express an opinion.