M. P. VARNELL, agent, *et al.*, plaintiffs in error, *vs.* L. N. SPEER, agent, defendant in error.

1. When the parties are not set out with sufficient certainty to ascertain who are the defendants to a suit, no valid judgment can be rendered against any one.

2. A summons of garnishment which requires the agent of a railroad company to answer what he owes to the defendant, is not sufficient to found a judgment thereon against the company as garnishee.

Judgments.    Parties.    Garnishment.    Principal and agent. Before Judge McCUTCHEN.    Whitfield Superior Court.    April Term, 1875.

Reported in the opinion.

SHUMATE & WILLIAMSON, for plaintiffs in error.

No appearance for defendant.

JACKSON, Judge.

This was a suit brought by L. N. Speer, agent of E. H. Speer, against the Missouri, Kansas and Texas Railroad *Companies* and *their connecting lines on to Chattanooga,* and the East Tennessee, Virginia and Georgia Railroad Company, garnishee. The justice court rendered judgment against the garnishee for some small amount, and the case came up to the superior court by *certiorari,* and the justice's judgment was affirmed by that court, and thereupon it was brought here by bill of exceptions. We think that 'the *certiorari* should have been sustained on two grounds; first, the parties are too indefinite to predicate any valid judgment upon against anybody; and, secondly, the summons of garnishment is issued against, and served upon, the agent of the East Tennessee, Virginia and Georgia Railroad Company, and requires him to answer what *he* owes, and not what the company owes. In the case of *VanDyke et al., vs. Besser,* 35 *Georgia,* 173, it is expressly ruled that a judgment should be set aside for such confusion and uncertainty of parties and pleadings as this record discloses. We therefore reverse the judgment below, and direct that the *certiorari* be sustained.

Judgment reversed.