DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[No. 8968.   Department Two. — May 4, 1885.]

MICHAEL TYRRELL, APPELLANT, *v.* A. W. BALD-
WIN ET AL., RESPONDENTS.

PRACTICE — VOLUNTARY APPEARANCE OF DEFENDANT — SUMMONS. — The voluntary appearance of a defendant in an action is equivalent to personal service of the summons and a copy of the complaint upon him.

ID. — JUDGMENT AGAINST DEFENDANT VOLUNTARILY APPEARING. — A judgment in an action of ejectment rendered against a person who voluntarily appeared therein as a defendant, is not void so as to be collaterally assailable, although his name was not inserted in the complaint either originally or by amendment, and no order of the court granting him leave to appear in or defend the action, or to file an answer, is contained in the record.

JUDGMENT — DEATH OF DEFENDANT — PURCHASER PENDENTE LITE — EJECTMENT. — The death of a defendant in an action of ejectment after his answer was filed and before the trial does not render a judgment against him void as to those who purchased *pendente lite* his interest in the demanded premises.

ID. — CONCLUSIVENESS OF JUDGMENTS. — Where several judgments have been rendered in actions between the same parties in respect to the same subject-matter, the judgment last in point of time is conclusive.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

Action to quiet title to a lot in the city and county of San Francisco, situated within the limits defined in the Van Ness

LXVII. CAL. — 1.

Ordinance. On January 1, 1855, one J. T. Baxter was in the actual possession and occupancy of the land, claiming to own the same, and remained in possession thereof until September 16, 1862, when he sold and delivered the possession to Sarah McDonald, wife of Charles McDonald. The McDonalds entered and remained in possession until August 13, 1867, when they sold the lot and delivered the possession to the plaintiff, who entered and remained in possession until April 6, 1877, when he was dispossessed under a writ of possession issued in the action of *McLeran* v. *McNamara*. On the trial, after the defendants had put in evidence the judgment roll in *McLeran* v. *McNamara*, and a deed from McLeran to one George K. Porter, under whom they claimed to have derived title by mesne conveyances, the plaintiff offered in evidence the judgment roll in an action of ejectment brought February 18, 1873, by Porter against the plaintiff and others, in which it was adjudged that neither Porter nor any of his predecessors ever had or were entitled to the possession of the premises in controversy. The court excluded the evidence, to which ruling the plaintiff excepted. The further facts are stated in the opinion of the court.

*E. W. McGraw*, and *Wm. Royal*, for Appellant.

The judgment roll in *McLaren* v. *McNamara* was improperly admitted in evidence, the judgment being void as against the plaintiff for the reason that the McDonalds from whom the plaintiffs purchased were not made parties to the action, either by the original complaint or by amendment. (*McKinlay* v. *Tuttle*, 42 Cal. 570; *Farris* v. *Merritt*, 63 Cal. 118.) The judgment roll in the case of *Porter* v. *Woodward* was admissible in evidence without having been pleaded. (*Clink* v. *Thurston*, 47 Cal. 21; *Flandreau* v. *Downey*, 23 Cal. 354; *Jackson* v. *Lodge*, 36 Cal. 28; *Curtiss* v. *Sprague*, 49 Cal. 301; Code Civ. Proc. § 462.) The decision in that case being last in time is conclusive of the rights of the parties. (Freeman on Judgments, § 332; *Cooley* v. *Brayton*, 16 Iowa, 10; *Semple* v. *Ware*, 42 Cal. 619; *Holden* v. *Andrews*, 38 Cal. 119; *Carpenter* v. *Thompson*, 3 N. H. 204; *Megerle* v. *Ashe*, 33 Cal. 74.) . The judgment rendered against McDonald after his death is void. (*Ewald* v. *Corbett*, 32 Cal. 493; *Judson* v. *Love*, 35 Cal. 463; *McCreery* v. *Everding*, 44 Cal. 284.)

*A. L. Rhodes*, and *Wm. Leviston*, for Respondents.

The McDonalds were bound by their answer both as a pleading and an appearance. (*Campbell* v. *Adams*, 50 Cal. 203 ; *Baldwin* v. *Morgan*, 50 Cal. 585.)

SHARPSTEIN, J. — The judgment in *McLeran* v. *McNamara* on its face purports to be a judgment against plaintiff's grantors, Sarah and Charles McDonald, and if they were parties to that action, such judgment was properly admitted in evidence in this case.

The McDonalds were not named in the complaint filed in *McLeran* v. *McNamara*, nor does it appear that the summons in that action was served on either of them by any name. Nor was the complaint amended by inserting either of their names. No order of court granting either of them leave to appear in or to defend the action, or to file an answer therein, is found in the record. But nearly seven months after the complaint was filed, and long before trial, they filed an answer denying each and every allegation of the complaint, and alleging that they were the owners and entitled to the possession of so much of the demanded premises in that action as their grantee, the plaintiff in this action, seeks to recover herein ; and unless their voluntary appearance in *McLeran* v. *McNamara* gave the court jurisdiction of their persons, the judgment against them in that action is void for want of such jurisdiction.

In *McKinley* v. *Tuttle*, 42 Cal. 570, the court said: "The question is whether a judgment can be sustained against persons who are not mentioned in the complaint," and reversed the judgment because it had been rendered against persons not so mentioned. In that case the attack was direct. In this it is collateral, and if the judgment is not void it is not subject to a collateral attack.

A later case than *McKinley* v. *Tuttle* is *Campbell* v. *Adams*, 50 Cal. 203. The judgment which was held to be valid as against a collateral attack, in that case, was rendered against a person who was not named in the complaint. The summons, however, had been served on him by a fictitious name, as he stated in his answer. In that respect the case differed from *McKinley* v.

*Tuttle.* But the difference is immaterial. The decision in *McKinley* v. *Tuttle* rests solely on the ground that the judgment had been rendered against a person who was *not mentioned in the complaint*, and for that reason as the court held, not charged with ousting the plaintiff, or withholding the possession from him.

The voluntary appearance of a defendant is equivalent to personal service of the summons and a copy of the complaint upon him. An appearance before being summoned, confers jurisdiction equally with an appearance after being summoned. Under our practice a person who is not named in the complaint nor served with the summons, if he has an interest in the matter in litigation, may become a party by obtaining leave of the court to file a complaint in intervention. Here the McDonalds without objection or opposition filed an answer in which they denied all the allegations of the complaint, and alleged that they were the owners and entitled to the possession of a certain portion of the demanded premises. They were permitted to do without opposition, and by tacit consent, what they might have done by leave of the court. But why ask leave of the court to do that which nobody objected to their doing? They invoked the judgment of the court upon the issues raised by their answer to the complaint, and they got it. Can they now be heard to say that the judgment is a nullity because they obtruded themselves into the action? Their answer showed that they might properly have been made parties to it. And the record shows that they availed themselves of all the rights and privileges of which they could have availed themselves if they had been named and sued as defendants in the complaint. As soon as the answer was filed the complaint might have been amended by adding the names of the McDonalds to those of the other defendants in the action. Did the failure to do so affect the substantial rights of the parties? Clearly not. And if not the judgment is not affected by reason of that defect in the pleadings or proceedings. (Code Civ. Proc. § 475.)

The fact that Charles McDonald died after his answer was filed and before the trial does not, according to the weight of authority, render the judgment against him void as to those who purchased, *pendente lite,* his interest in the demanded prem-

ises. "That a judgment against a person dead at its rendition is valid until reversed or set aside by some competent judicial authority, and that it cannot be collaterally attacked, is established by a larger preponderance of the authorities than can be brought forward to shield a judgment against a married woman from collateral assault and overthrow." (Freeman on Judgments, § 153.)

None of the cases in this State which seem to militate against this doctrine involved this question. In none of them was it a question whether such a judgment could be collaterally attacked. (*Ewald* v. *Corbett*, 32 Cal. 493; *Judson* v. *Love*, 35 Cal. 469; *McCreery* v. *Everding*, 44 Cal. 286.)

And if the judgment in *McLeran* v. *McNamara* was admissible as evidence for the defendant, as we think it was, we are unable to discover any satisfactory ground on which the ruling that the judgment in *Porter* v. *Woodward* was inadmissible as evidence for the plaintiff can be sustained. These judgments were rendered in actions between the same parties in respect to the same subject-matter, and the rule in such cases is, that the last judgment concludes. The argument of respondent's counsel on this point fails to convince us that this is not a case to which the rule applies. The evidence was clearly admissible in rebuttal. There was no occasion for introducing it until after the judgment in *McLeran* v. *McNamara* was admitted in evidence.

Judgment and order reversed.

THORNTON, J., and MYRICK, J., concurred.