422 SUPREME COURT OF IOWA,

The City of Newton et al. v. The Chicago, Rock Island & Pacific R'y Co.

## THE CITY OF NEWTON ET AL. v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y CO.

1. **Railroads:** CROSSING STREET BELOW GRADE: BRIDGE OVER TRACK: DUTY TO REPAIR APPROACHES. Where a railway crosses a city street below grade, and a bridge and approaches are erected by the company to carry the travel upon the street above the track, it is the duty of the company to keep both the bridge and the approaches in a safe condition. *Farley v. Chicago, R. I. & P. R'y Co.*, 42 Iowa, 237, followed.

2. **Contract:** CONSIDERATION: DISCHARGE OF STATUTORY DUTY IS NOT. The discharge of a statutory obligation cannot be a valid consideration for a contract.

*Appeal from Jasper Circuit Court.*

MONDAY, JUNE 8.

THIS is a proceeding instituted in the name of the city of Newton and D. Finch, street commissioner of the city, to compel the defendant to repair a crossing where one of the streets of the city crosses the defendant's road. Judgment was rendered for the plaintiffs, and the defendant appeals.

*T. S. Wright* and *Winslow & Varnum*, for appellant.

*Alanson Clark* and *James A. Kerr*, for appellees.

ADAMS, J.—The street formerly crossed the railroad at grade, but in order to enable it to do so it had been lowered at the crossing, and it approached the railroad from each direction through cuts. This mode of crossing became unsatisfactory to the city, and in 1875 it was abandoned, and an overhead crossing was adopted in its stead; a bridge and approaches thereto being constructed for the street. This crossing seems to have proved satisfactory for several years. But in 1883 the plaintiff Finch, as street commissioner, served a written notice upon the defendant that the crossing

*1. RAILROADS: crossing street below grade: bridge over track: duty to repair approaches.*

had become unsafe, and that the defendant was required to put the same in good condition. The defendant disregarded the notice, and this action is brought to compel the defendant to make the alleged needed repairs. Evidence was taken which shows, we think, that both the bridge and approaches need repair; and it is not denied, as we understand, that, so far as the bridge is concerned, the defendant is bound to make all necessary repairs to it. The question, then, pertains to the liability of the defendant to repair the approaches. The plaintiffs rely upon sections 1262 and 1263 of the Code. The defendant's position is that the statute does not provide for such liability; and furthermore, if it did, that the defendant has been released from it by a contract with the city. The statute in question is in these words:

" SEC. 1262. Any corporation may raise or lower any turnpike, plank-road or other highway, for the purpose of having its railway cross over or under the same; and in such cases said corporation shall put such highway, as soon as may be, in as good repair and condition as before such alteration.

" SEC. 1263. If the supervisors, trustees, city council, or other person having jurisdiction over such highway, require further or different repairs or alterations made thereon, or if the same, in their opinion, is unsafe, they shall give notice thereof in writing to any agent or officer of the corporation, and, if the parties are unable to agree respecting the same, either party may apply by petition, setting out the facts, to the circuit court or judge thereof, and such court or judge shall cause reasonable notice to be given to the adverse party of the application. The petition shall be filed in the clerk's office, and may be answered as in other cases. The court shall determine the matter in a summary way, and make the necessary orders in relation thereto, giving such corporation a reasonable time to comply therewith; and, upon failure to do so, said court may enjoin the corporation from using so much of its road as interferes with any such highway."

The defendant contends that the repairs contemplated by the statute are original repairs; that is, such as are necessary in the construction of the crossing to put it in a proper condition. But it was held in *Farley v. Chicago, R. I. & P. R. Co.*, 42 Iowa, 237, that the company was bound to keep the crossing in a safe condition, and that its obligation extended to the approaches to a bridge. Under that ruling, it appears to us that the defendant's position cannot be sustained.

We come next to consider the alleged contract between the company and the city. The plaintiffs deny that any valid action was ever taken by the council, by reason of a want of formality in its proceedings. But, in the view which we have taken of the case, we do not need to consider the alleged want of formality; for, in our opinion, the contract relied upon by the defendant was without consideration. The alleged contract was that the city was to build and keep in repair the approaches, in consideration that the defendant would build and keep in repair the bridge. But, as we have already seen, the defendant was under a statutory obligation to build and keep in repair both, provided the grade crossing was unsuitable, and the overhead crossing was necessary to put the street approximately in as good repair and condition as before the railroad was built. As to the facts pertaining to the character of the two kinds of crossing, we think that the evidence does not leave much room for doubt. The grade crossing was manifestly unsuitable and unsafe, and we are unable to see that it could have been made suitable and safe by any expenditure less than was required to make an overhead crossing. Such being our view, it appears to us that the company, in making such crossing, merely discharged a statutory obligation. Now the discharge of such an obligation cannot be the consideration of a contract. 1 Add. Cont., 13. It is not contended by the defendant that the construc-

2. CONTRACT: consideration: discharge of statutory duty is not.

tion of the overhead crossing put the street in a better condition than it was before the railroad was built.

The defendant's position is that a literal compliance with the statute is impracticable; that an approximate compliance is all that is required; and that as to what would have been a sufficient compliance might be a question upon which there might be a difference of opinion; and that, such being the case, it was competent for the city to stipulate for a particular kind of crossing, and, in consideration of getting it, to impose upon itself some burden in respect to it. But, in our opinion, the position is not sound. We are unable to see how, under the evidence, there could have been a *bona fide* claim that an overhead crossing was unnecessary; and, if it be conceded that it was necessary, there was no room for any dispute about the statutory obligation to put the street in as good repair and condition as it was before the railroad was built, if it could be done, and if not, then as nearly so as practicable; and that involved the doing of more than the defendant did. In our opinion the judgment of the circuit court must be

AFFIRMED.