MARTIN *v.* CARTER *et al.*

*(Circuit Court, D. Montana.* November 16, 1891

1. REMOVAL OF CAUSES—TIME OF FILING PETITION—AMENDMENTS TO PLEADING.
   Under Comp. St. Mont. p. 88, § 115, which provides that in case the complaint is amended as of course, pursuant to the right given by that section, defendant shall answer within 10 days after the amended complaint is served on him, where defendant waives service by demurring to the amended complaint, the time for him to answer, and hence the time to file a petition for removal, is within 10 days after such waiver.

2. SAME—TIME TO ANSWER—STIPULATIONS.
   Stipulations between the parties, allowing defendant further time to answer, are ineffectual to extend the time in which his petition for removal to a federal court must be filed.

3. SAME—RIGHT TO REMOVE—CASUS OMISSUS.
   Where a condition of the pleadings arises which is not contemplated by the removal act in fixing the time for filing the petition, there is no authority for removing the action; for, though the constitution gives the right of removal, it does not act *ex proprio vigore,* and legislative action is necessary to carry it into effect.

On Motion to Remand.

Action by James E. Martin against John F. Carter, Selena H. Carter, the Montana Mining & Reduction Company, John W. Cook, and Samuel Whitney. The cause was removed to the United States circuit court, and defendants Cook and Whitney moved to remand it.

*Sterling & Muffly* and *Word & Smith,* for defendant Montana Mining & Reduction Co.

*H. G. McIntire,* for defendants Cook and Whitney.

KNOWLES, J. This cause is now before the court on a motion to remand the same to the state district court, in which the cause of action was instituted. The complaint was filed on the 3d day of October, 1890, and on the same day a summons was issued in the cause. It does not appear from the return of the sheriff on the summons that it was served upon the defendant Montana Mining & Reduction Company, but on the 8th day of November, 1890, said defendant filed its demurrer to plaintiff's complaint. On the 8th day of December, of the same year, plaintiff filed an amended complaint. On the 6th day of December preceding this plaintiff and said defendant made and filed a stipulation, to the effect that plaintiff should be entitled to file an amended complaint at any time during the December term of court for 1890, and that said defendant should have until the 31st day of January, 1891, to plead thereto. On the 26th day of January said defendant filed a demurrer to this amended complaint. On the 18th of May following said defendant filed its petition for a removal of the cause to this court.

There are two questions presented for consideration in the said motion to remand: *First.* Did said defendant file its petition for removal in time? and, *second,* was this a severable cause, so that said defendants could have their part of the issues presented in the complaint removed to this court?

In considering the first proposition, it will be observed that there is a difference between this case and that of *McDonald* v. *Mining Co.*, 47 Fed. Rep. 593, (decided at this term.) In that, the defendant was served with summons; in this, there is nothing to show that said defendant on whose petition the cause was removed was served with process. As far as the record discloses, the said defendant made a voluntary appearance by filing a demurrer to plaintiff's complaint, and was within the jurisdiction of the court when the amended complaint was filed. There are two provisions of the statute of Montana in regard to amending a complaint. A portion of section 87, p. 81, Comp. St. Mont., provides:

"If the complaint be amended, a copy of the amendments shall be filed, or the court may, in its discretion, require the complaint as amended to be filed, and a copy of the amendments shall be served upon every defendant to be affected thereby, or upon his attorney, if he has appeared by attorney. The defendant shall answer in such time as may be ordered by the court, and judgment by default may be entered upon failure to answer, as in other cases."

Section 115, Comp. St. Mont., p. 88, is as follows:

"Any pleading may be amended once by the party of course, and without cost, at any time before answer or demurrer filed; and after the demurrer, and before the trial of the issue of law thereon, by filing the same as amended, and serving a copy on the adverse party, who may have ten days thereafter in which to answer or demur to the amended pleading."

In considering these two sections together, it is evident that the first of them applies to amendments made after the trial of the issue of law presented to the court by the demurrer, while the latter applies to amendments before the trial of any such issue or before the filing of any answer in the case. *McGary* v. *Pedrorena*, 58 Cal. 91. Plaintiff could have amended his complaint once as of course, after said defendant had demurred to the same, and before the hearing of the demurrer, without the consent of the said defendant. No answer had been filed thereto. Does the fact that the plaintiff had the right to amend his complaint of course, at the time the stipulation above named was entered into, the demurrer not having been heard, place the case in any different condition than it would have been if no stipulation had been entered into? It is an established principle that where a party contracts to do what the law requires him to do the contract is a *nudum pactum*, there being no consideration therefor. Bish. Cont. § 48; *Ayers* v. *Railroad Co.*, 52 Iowa, 478, 3 N. W. Rep. 522; *City of Newton* v. *Railway Co.*, 66 Iowa, 422, 23 N. W. Rep. 905.

Upon the same principle, where a party contracts to give another a right which the statute gives him, the contract amounts to nothing. The right will be considered to have been exercised by virtue of the statute, and not of the contract. It is true that in this case the whole of the December term of court was given to the plaintiff in which to amend his complaint. But it is a fact that the demurrer to the first complaint had not been disposed of when the amended complaint was filed, and until disposed of the plaintiff had the right to file his complaint

as amended as of course. But here we are confronted with another difficulty. It does not appear in the record that the plaintiff ever served upon defendant a copy of the amended complaint. The provision of the statute is that defendant would have 10 days after the service of the amended complaint in which to answer or demur to the same. It is certain that, under the decisions of the federal courts, the fixing of a time to answer or plead by a stipulation does not fill the requirements of the act of 1887 and 1888 upon removals, as to the time when the petition for removal should be filed. *Austin* v. *Gagan*, 39 Fed. Rep. 626; *Spangler* v. *Railroad Co.*, 42 Fed. Rep. 305. Those statutes require the petition to be filed when defendant is required by the statute of the state or a rule of the state court to answer or plead. *McDonald* v. *Mining Co.*, *supra*, (rendered by this court at this term.) If plaintiff had served defendant with a copy of his amended complaint, then defendant would have been required by the statute of Montana to answer or demur to the amended complaint within 10 days after the service of a copy of the same, and the time for filing the petition for removal would have been fixed. It is true that the service of a copy of the amended complaint was waived by the appearance of defendant and the filing of its demurrer to the amended complaint. *Tyrrell* v. *Baldwin*, 67 Cal. 1; 6 Pac. Rep. 867. Any general appearance in the cause would have waived the service of the amended complaint, if made after the same was filed. After the waiver of the service of an amended complaint, perhaps the defendant would have 10 days within which to answer or demur to the complaint from the time of the waiver. I am inclined to hold that this is true, and that this would be a time given by the statute. The filing of a demurrer, besides being a pleading in a case, acts as a general appearance. The two acts could have been separate,—first the appearance making the waiver, and then the filing of the demurrer subsequently. The fact that the time was fixed by stipulation for answering or demurring would not, as I think, change the position that defendant would have had 10 days from the time that it waived the service of a copy of the amended complaint in which to answer or plead to the same by virtue of the statute. If so, this was the time when defendant should have filed its petition for removal. But this position is not entirely free from doubt. If it is not a correct solution of the question presented, then it appears to me that we have a case not contemplated by the statute, or "any rule of a state court," as that term has been construed. If the demurrer in this case would have been sustained, then, the same being a general demurrer, taking issue upon the cause of action as stated, it would have been a trial of a cause on its merits. *Alley* v. *Nott*, 111 U. S. 472, 4 Sup. Ct. Rep. 495. If it should have been overruled in the state court, the defendant might have been allowed to answer only at the discretion of the court, and this has been held not to be an answer required by statute or a rule of court. And up to this time the defendant could say that the time had not yet been reached when it was required by statute of the state or a rule of a state court to file an answer or plead, and that there was no probability

when that time would be reached in the consideration or determination of the cause. If it should be considered that the facts as presented in this case show a condition not contemplated by congress as expressed by the statutes of 1887 and 1888, upon removal of causes from state to federal courts, then there was no authority for removing the same; for, although the constitution may give this right of removal, yet the constitution does not act by its own vigor in such matters. There should be legislative action carrying this provision of the constitution into effect, and pointing out the mode in which this right can be effectuated. Without this, a removal of a cause from a state to a federal court cannot take place. Taking either position as correct, and the motion to remand this cause ought to be sustained. It is certain that congress, by virtue of the acts we have been considering, intended to provide that a petition for the removal of a cause should be made as soon as all the parties were before the court, and an issue upon the merits of the controversy presented by the complaint was made to appear. I have not thought it necessary to consider the other proposition presented. The motion to remand this cause to the court in which it originated is sustained.