## HAYNES v. BACKMAN et al.

No. 19,001; December 27, 1892.

31 Pac. 746.

**Appeal—Record.—Questions Which can be Determined Only** from the evidence are not reviewable on an appeal taken upon the judgment-roll alone.

**Judgment Against Parties not Named.—The Fact That a Certain Corporation** is named as defendant in a complaint, while judgment is rendered against another not named, does not render the judgment irregular, where the latter appeared and filed an answer which, if true, showed the identity of the two.

APPEAL from Superior Court, Los Angeles County; Lucien Shaw, Judge.

Proceeding by Mary E. Haynes against Peter Backman and others and the Los Angeles Terminal Railway Company. Judgment for plaintiff. The defendant railway company appeals. Affirmed.

Burnett & Gibbon for appellant; Geo. I. Cochran, Henry Bleecker and John T. Jones for respondents.

TEMPLE, C.—This appeal is from the judgment, without a bill of exceptions. Two points are made:

1. The appellant purchased from the mortgagor, subsequent to the mortgage, a strip of land, part of the mortgaged premises, for a right of way.  In its answer, appellant asked to have the land divided and sold in parcels, the division to be as divided by the railroad, and that the strip occupied by the appellant should be sold only in case sufficient money could not be realized from the residue to pay the mortgage. This was not done.  There being no bill of exceptions, and no findings, we do not know that the appellant acquired title to the strip of land by conveyance from the mortgagor after the mortgage was given, or that a sale in separate parcels can be had to advantage, or without danger of depreciating the price which might be realized to the extent of preventing plaintiff from realizing the amount of her mortgage.  These were questions to be determined from the evidence, and on the appeal upon the judgment-roll alone we cannot review the action of the court.

2. The appellant was not named in the complaint as a defendant, but the Los Angeles, Pasadena and Glendale Railway Company was.  The judgment is not against the last-named company, but is against appellant.  The complaint was not amended so as to include the appellant.  It is contended that the judgment is irregular, under the rule laid down in McKinlay v. Tuttle, 42 Cal. 570, and Campbell v. Adams, 50 Cal. 203.  Though not named as a party, appellant appeared and filed an answer, in which it is stated: "Comes the Los Angeles Terminal Railway Company, a corporation duly organized under the laws of this state, and leave of court having first been obtained to appear and defend said action," etc.  The answer then proceeds to aver a sale and conveyance of a portion of the mortgaged premises by the mortgagor, after the execution of the mortgage, to the other corporation named in the answer; that subsequent to that conveyance the Los Angeles Terminal Railway Company had consolidated with the other named corporation, under the name of the "Los Angeles Terminal Railway Company."  The judgment recites that appellant "has been duly made a party defendant to this action by order of the court."  Evidently this means that appellant was made a party as successor in interest to the other named defendant. As a matter of fact, the answer, if true, shows the identity

of appellant with the corporation defendant named. There is no injurious error in this.

The judgment should be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.