# CHARLESTON

COAL & COKE RY. CO. v. TAYLOR, JUSTICE.

1. JUSTICE OF THE PEACE—*Pleading—Designation of Defendant.*
   In an action in a justice's court the defendant is designated as "Italian number 37 whose name is unknown." This is a sufficient designation under chapter 50, section 28 of the Code. (p. 104.)

2. PLEADING—*Declaration.*
   In an action a defendant may be designated by a fictitious name with the statement that the true name is unknown. (p. 105.)

Error to Circuit Court, Randolph County.

Application by the Coal & Coke Railway Company for writ of prohibition against E. E. Taylor, justice of the peace, and others. From the judgment denying the writ, plaintiff brings error.

*Affirmed.*

DAILEY & BOWERS, for plaintiff in error.

JARED L. WAMSLEY, for defendant in error Frank Molinari.

BRANNON, JUDGE:

Frank Molinari brought before a justice of Randolph county nineteen separate actions against divers persons for the recovery of money due on contracts. In the writs of summon he designated the defendants thus: "Italian number 17, whose name is unknown;" "Italian number 37, whose name is unknown." So on in every case. There was no other description of the defendants. "Italian number 37," is the designation in the case before us. No name of the person is given. The summons was returned "not found." A second summons was issued which was posted at the front door of the court house and at other public places in the county. An attachment was issued in the case against the personal estate of the defendant, and the Coal & Coke Railroad Company was designated as having in its hands money and effects of the defendants, and made a garnishee. The justice gave judgment against "Italian number 37, whose name is unknown," for the sum of $5.77. The railroad company appeared afterwards and moved the justice to quash the attachment "upon the ground that the name of the de-

fendant is not stated in the summons;" but the justice refused to quash the attachment.  Later still the railroad company filed an answer, as garnishee, admitting that at the time of the service of the attachment upon it, to use the language of the answer, "it was indebted to an Italian working for it, under the No. 37, in the sum of $18.20" The justice gave judgment against the company for $11.52.  Afterwards the Coal & Coke Railroad Company obtained from the judge of the circuit court a rule in prohibition against the justice, constable and Molinari to show cause why a writ of prohibition should not be awarded to prohibit them from further proceedings in all the judgments entered in those cases, "Italian number 37" being one.  On the motion of Molinari the circuit court of Randolph county discharged the said rule, refusing to award the prohibition, and the railroad company sued out a writ of error from this Court.

For the railroad company it is contended that there was no defendant named in these actions before the justice; that the designation of the defendant as "Italian number 37, whose name is unknown" is no naming of the defendant, and that the summons is one without a defendant, and constitutes no action, and that there was, in law, no suit before the justice in which judgment could be rendered against the Italian, or in which an attachment could be issued, or a garnishment affected, or judgment rendered therein; and that therefore the justice had no jurisdiction to take any steps because there was nothing before him in the shape of a valid legal proceeding.  We know that there must in every suit be a plaintiff and a defendant, an *actor* and a *reus*; that a defendant must be named against whom the sentence of the law, by judgment or otherwise, can take effect.  But suppose that defendant's name is not known.  Is the creditor without any remedy?  Where there is a right there ought to be a remedy.  The law in such case is that a fictitious name may be used, with a statement that the real name is unknown.  If the true name appear during the proceeding the written declaration may be amended.  "If name is wholly unknown, use an appropriate description, as 'the man in command of the sloop Hornet,' or 'John Doe,' or 'the infant son of John Doe and Mary, his wife.'  If partly unknown indicate it as nearly as practicable, thus, 'J. S. Smith, whose first name is unknown to plaintiff

but who is known as J. Stokes Smith." 1 Abbott's Forms, p. 13. In this case the defendant is described as Italian number 37, whose name is unknown. This conforms to the rule as stated by Abbott and the law generally. Much law can be found to show that an approximate description, or some description, coupled with the allegation that the real name is unknown, meets the requirement of the law. As the court said in *State* v. *Wilson*, 30 Conn., p. 507: "That which, from the nature of the case, cannot be alleged, need not be; and it is of frequent occurrence that the name of the person injured is unknown. Justice must not fail nor the community go unprotected for such cause. If the name is unknown, and it is so averred, it need not be proved." Even in indictments such is the law. 1 Bishop on Crim. Proceed. section 546, tells us: "Where the name ought by the general rules to be stated, yet being unknown to the grand jurors they cannot state it, the usual form of the allegation is: 'a certain person whose name is to the jurors unknown,' or, 'a certain person or persons to the jurors aforesaid unknown.'" In note to that section we find old English authority for the proposition that, "An indictment of murder, *de quodam ignoto*, or stealing the goods, *cujusdam ignoti*, is good where the person killed or robbed is unknown." We find in 14 Ency. Pl. & Prac. 279, this: "If a name of a defendant in a criminal prosecution is unknown, or if such is the case with reference to the name of any other person necessary to the description of a criminal offense, the fact that the name is unknown may be stated, with such description as is at hand, in lieu of the correct name." In 16 Am. & Eng. Ency. L. (1st Ed.) 131, it is stated that it is sufficient in criminal pleading, where a name of the accused or a third person is unknown, to state that the name is not known, and the accused may be proceeded against under any fictitious name, the right one to be inserted when discovered. "It is not, however, necessary in such cases to give a fictitious name; the name may be entirely omitted, and the identity shown by words of description." In *State* v. *Jackson*, 4 Blacks. (Ind.) 49, the deceased was described as "an Indian of this state, of the Miami nation of Indians, the name of which said Indian to the jurors aforesaid is wholly unknown," and the indictment was held good. In *Reed* v. *State*, 16 Ark.

409, the deceased was described as "a certain Wyandotte Indian, whose name is unknown to the grand jury." The indictment was held good. For the railroad company we are referred to two cases. One is *McKinley* v. *Tuttle*, 42 Cal. 570. The complaint was against sixty-seven defendants and averred that the true name of twenty-eight of them sued as John Doe, Richard Roe, and others were unknown. Persons named Castro appeared and filed an answer and judgment went against them. It was held bad, not because no name was given, but because the Castros were never parties in the case. The case only further asserted that when fictitious names are used the pleadings must be amended by the insertion of their true names, when ascertained. The case is not in point here. The other case referred to is *Varnell* v. *Speer*, 55 Ga. 132. The suit was brought by L. N. Speer against The Missouri, Kansas and Texas *Companies and their connecting lines on to Chattanooga*, and the East Tennessee, Virginia and Georgia Railroad Company, *garnishees*. Here was no question of a defendant whose name was unknown, or fictitious name. The objection was that the words "companies and their connecting lines on to Chattanooga" were too indefinite. The plaintiff did not rely upon the rule relating to persons whose names were unknown.

The above principles I consider as those laid down by the common law; but we have a statute found in Code, chapter 50, section 28. "When the name of a defendant is not known to the plaintiff, the summons may be issued against him by a fictitious name, or any description to designate the person intended, and shall not be set aside or dismissed for that cause, if served on the proper person; and in any case in which a defendant shall be proceeded against by any other than his true name, it shall be the duty of the justice when his true name is ascertained, to amend the summons by inserting the same therein, and thereafter to proceed against him by his true name." This is a very wide provision for the case of a defendant whose name is unknown. It not only allows the use of a fictitious name, but it allows any description to designate the person intended. Do not the words "Italian number 37" meet the requirement of this statute? I think they do. But it is said that to apply that provision there must be personal service, and there was not in this case.

That would seem to be a narrow construction. The statute is remedial. Where the defendants cannot be found the statute relating to proceeding before the justice allows a second summons to be posted. That is a procedure in a suit, and why should that provision not apply as well in the case of a person not found for personal service as where he is found? Would this remedial statute not apply to either case? There is as much reason to apply it where the defendant is not found, and more perhaps, than where he is found.

For these reasons we affirm the judgment of the circuit court.

*Affirmed.*