MORGAN v. THE DES MOINES & ST. LOUIS RAILWAY CO.

LEAS v. THE SAME.

1. **Railroads:** USE OF STREETS: WHO ENTITLED TO DAMAGES AS ABUT-TING LOT-OWNERS. Under section 464 of the Code, not all the owners of lots abutting upon a street on which a railroad is laid may recover damages, but only those owning lots abutting upon that portion of the street which is so used; and owners of lots abutting upon a street crossed only by a railroad are, consequently, not entitled to damages under the statute.

*Appeal from Warren Circuit Court.*

THURSDAY, OCTOBER 23.

THE plaintiffs are lot owners in the city of Des Moines, and claim to have sustained damages by reason of the construction of the defendant's road on a street on which their respective lots abut. The plaintiffs instituted proceedings for the assessment of their respective damages by commissioners. From the assessment in each case both parties appealed. Both cases were tried to a jury. In the former case there was a verdict for the plaintiff, and judgment was rendered thereon. In the latter there was a verdict for the defendant, and the court set the same aside as being contrary to the evidence and instructions of the court. The defendant appeals in both cases.

*Parsons & Runnells,* for appellant.

*Barcroft, Gatch & McCaughan,* for appellees.

ADAMS, J.—These cases are submitted together as involving the same questions of law.

It is insisted by defendant that the commissioners had no jurisdiction to assess the damages, if any, in these cases, and that it follows that the circuit court had no jurisdiction to entertain the appeals. In support of this position they cite *Mulholland v. D. M., A. & W. R. Co.*, 60 Iowa, 740.

The plaintiffs contend that, while it might be true that the commissioners would not have jurisdiction to assess such damages without the consent of the railroad company, yet that such consent was given, the company merely providing that it should not be estopped from insisting that the plaintiffs were not entitled to damages in any form under the law. The consent is clearly enough shown. Whether it was sufficient to confer jurisdiction is a question not free from difficulty, and one upon which we might not be agreed. But our view of the case is such that we do not deem it necessary to determine it. For the purpose of the case it may be conceded that the commissioners would have had jurisdiction under the consent given to assess the damages, if the plaintiffs had been entitled to damages under the law. But we are agreed that they were not entitled to damages.

The complaint in each of these cases arises out of the fact that the company's road crosses a street upon which the plaintiffs' lots abut. The plaintiffs rely upon section 464 of the Code.

It is to be observed, however, that the crossing is several feet distant from the lots, and the plaintiffs' rights are the same (except in regard to amount of damages sustained) as those of other persons who own lots abutting on the street several rods or blocks distant from the crossing.

The question presented must be determined by a construction of the statute above cited. The statute provides that municipal corporations " shall have the power to authorize or forbid the location and laying down of tracks for railways and street railways on all streets, alleys and public places,

but no railway track can be thus located and laid down until after the injury to property abutting upon the street, alley or public place, upon which such railway track is proposed to be located and laid down, has been ascertained and compensated in the manner provided for taking private property for works of internal improvement, in chapter 4 of title 10 of the Code of 1873."

The discussion in this case has taken a wide range. It is seldom that a question of mere construction is presented to us with more fullness of learning and suggestion. We do not, however, deem it necessary to follow the counsel through all the considerations presented. We feel controlled by two or three of them, and these lie upon the surface, and can be stated in a few words.

The construction contended for by the plaintiffs would, in some cases where a railroad crosses all the streets of a city running in a certain direction, give a right of action to all the lot owners in the city. This would be so where all the lots of the city abut on those streets. It is true that if the city were very large, and some of the lots very remote, the injury to some of the lots would be very small; but it would be impossible to say in any case that there was absolutely no injury. We think that the plaintiffs' construction would practically prevent a railroad from crossing any considerable number of streets, either for the purpose of entering a city as a terminus, or of passing through it. We are aware that it may be replied to this that it is better that it should be so than that individuals should sustain an injury without a remedy. But the law does not undertake to give a remedy for every injury. This is often so where the injury is slight and the damages not easily measured, and where an attempt to give a remedy would probably result in extensive litigation in matters of public concern.

The question presented is as to what was the legislative design; and in determining this we are not confined to a mere grammarian's view of the language used, but we may be gov-

erned somewhat by those larger considerations of policy which we must presume were present in the legislative mind.

When we come to examine the language of the statute, we find in it very little tending to support the plaintiffs' view. It contemplates that the persons are entitled to damages whose lots abut upon the street upon which the track is laid. Whether a track can be said, within the meaning of the statute, to be laid upon a street which it merely crosses, we do not determine. The important question is as to what is meant by abutting upon the street upon which the track is laid. This question would afford no difficulty in a case where a track is laid along the whole street. In such a case, the owners of abutting lots along the whole street would of course be entitled to damages. But suppose the track is laid along a small portion of a street, as a distance of one block, while the street as a whole extends several blocks, would the owners of abutting lots along the whole street be entitled to damages? We think not. The words " the street ", as used in the statute, mean, we think, only so much in length as the company occupies with its track.

Similar language is used in the statute providing for assessing the cost of an improvement of a street upon abutting lots. Code § 466. After providing that a city or town shall have power to improve a highway, the statute provides for an assessment upon the lots fronting on " such highway." No one has doubted, so far as we are aware, but that the words " such highway " mean simply the improved part. So, in the case at bar, it appears to us that we are doing no violence to the words " the street ", as used in the statute, to limit them to the encumbered part.

We are aware that actions have sometimes been maintained for damages sustained by reason of a nuisance in a street, where the place of the nuisance was simply near the plaintiff's property, and not contiguous. But the decisions in those cases have no application to this. The plaintiffs are claim-

ing under a statutory proceeding for the assessment of damages as, substantially, right of way damages.

So far as the case of the plaintiff Leas is concerned, in which the jury found for the defendant, and the court set the verdict aside, we have to say that it may be that, for reasons pertaining to the proper trial of jury cases, the court, in setting aside the verdict, did not err. Strict regularity of practice might require that that case should be affirmed. But, under the view which we have taken, an affirmance would be of no practical benefit to the plaintiff, and, as the parties by agreement have submitted the cases together, and upon the theory, as we understand, that, if we should hold that the plaintiffs were not, under the statute, entitled to damages, our decision would be a final disposition of both cases, we have concluded that the judgment in both cases should be

REVERSED.