RINARD v. THE BURLINGTON & WESTERN R'Y CO.

.1. **Railroads**: ENCROACHMENT OF ROAD-BED ON CITY STREET: DAMAGES TO ABUTTING LOT-OWNER. Defendant's road was built on ground owned by itself along one side of the street of a city, and the road-bed, but not the ties or rails, encroached a little upon the street, but such encroachment was no actual damage to plaintiff's property lying on the opposite side of the street. *Held* that such encroachment did not entitle him to recover for the damages to his property on account of the building and operating of the road in such close proximity thereto, on the company's own land.

*Appeal from Mahaska District Court.*

MONDAY, JUNE 8.

THIS is an action to recover damages, which the plaintiff alleges he sustained by reason of the construction of a railroad track in a public street, opposite to a certain city lot owned by him. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff for $300. Defendant appeals.

*Kelly & Cooper* and *John F. Lacey*, for appellant.

*L. C. Blanchard*, for appellee.

ROTHROCK, J.—In the year 1883, the defendant was engaged in constructing a narrow guage railroad from Burlington to Oskaloosa. It was necessary to procure the

right of way for the road through a part of the city of Oska-loosa. Station grounds were purchased in the city, and a row of city lots on the east side of, and abutting upon, Nor-man street were purchased, upon which to lay the track lead-ing up to the station. The plaintiff's lot fronts on the opposite side of the street from this row of lots. Norman street is sixty-six feet wide.

The evidence shows without conflict that the iron rails, and the ties upon which they are laid, do not touch the line of the street at any point opposite to the lot of the plaintiff. They are laid entirely upon the row of lots purchased by the defendant for right of way for its track. The surveyor and engineer, who made a survey and plat to be used in the trial of the case, testified that "none of the rails or ties are in the street there opposite the plaintiff's lot." It is useless to con-tend that there was any evidence in the case to the effect that the ends of the ties encroached upon the street. It further appears that the railroad grade is one foot above the surface of the street opposite one end of the block in which the plaintiff's lot is situated, and two and a half feet above the surface of the street at the other end of the block; and the highest point between the street and the top of the embank-ment opposite plaintiff's lot is about four feet. In construct-ing this road-bed, part of the slope of the bank extends into the street. This slope, being the base of the embankment or road-bed at its outer edge and up to the line of the street, does not appear to be any injury to the plaintiff's lot. There was no witness in the case who testified that it was any dam-age whatever. On the contrary, one of the witnesses for the plaintiff testified as follows: "I do not estimate any damage from the dirt piled over into the street, if there was not any-thing else. I would not think there was any damage." Another witness testified to the same effect. The evidence tended strongly to show that some years since the city of Oskaloosa established the grade of its streets, and that the natural surface of Norman street, opposite the plaintiff's

property, was so far below the established grade that, if filled
up thereto, no part of the railroad embankment would be in
the street, because it would bring the surface of the street
above or even with any earth placed there by the defendant.
And it does not appear that the plaintiff would have any
ground of complaint or claim for damages against the city if
the surface of the street should be raised to the established
grade.

The plaintiff bases his right to recover damages upon sec-
tion 464 of the Code. That section, in enumerating the
powers of cities and incorporated towns, provides that "they
shall have power to authorize or forbid the location or laying
down of tracks for railways and street railways, in all streets,
alleys and public places; but no railway track can thus be
located and laid down until after the injury to property abut-
ting upon the street, alley or public place, upon which such
railway track is proposed to be located and laid down, has
been ascertained and compensated in the manner provided for
taking private property for works of internal improvement,
in chapter 4, title 10, of the Code of 1873." Prior to the
enactment of this statute, railroad companies had the right,
without making any compensation to abutting property own-
ers, to construct their roads along the streets of cities and
towns; (*Milbourn v. City of Cedar Rapids*, 12 Iowa, 246,
and other cases;) and plaintiff concedes that, if it were not
for the deposit of earth within the line of the street, he
would have no right to recover. His claim is that, as the
edge of the road-bed extends into the street, he is entitled to
recover, because the whole structure, the embankment, the
ties, and the iron rails, are an entirety, and all together con-
stitute the railway track within the meaning of the statute;
and, as part of the road-bed is in the street, therefore the rail-
way track is located and laid down in the street. And it is
contended that the plaintiff has the right to recover the dif-
ference in value of his property before and after the building
of the road; Such difference in value being attributed to the

building of a water-tank, coal-shed, stock-yards, depots and switches on defendant's own land near plaintiff's premises; the noise and liability to fire resulting from the operation of the railroad; the removal of dwelling-houses from land owned by the defendant, and thus injuring that part of the city for residence purposes, etc. The court adopted the views of the plaintiff, and, against the defendant's objection, permitted proof of all of the last above-recited facts, the same as though the railroad had been constructed upon part of the plaintiff's lot.

We are very clearly of the opinion that the case should not have been thus tried. The rights of the parties are materially different from what they would be if the plaintiff's land were appropriated for railway purposes. He is not invested with the title to the land dedicated for a street. The title is in the city. We think, in order to entitle him to recover, he should show that the encroachment upon the street deprives him of some right, or is an injury or damage to his property. Instead of making such proof, he shows by his evidence that the deposit of earth in the street is no injury to him or his property. He should have some substantial cause of complaint from the construction of the road itself, without taking into consideration its operation in close proximity to his property, before being allowed to recover damages by the measure allowable where private property is taken for works of internal improvement. By the theory upon which he recovered in this action, if the defendant allowed a shovelfull of earth to be deposited over the line of the street and against the road-bed, the plaintiff would at once be entitled to recover for all the elements of damages above enumerated, and his claim to recover damages for such a minute encroachment upon the street would be just as well founded as his claim in this action, for he shows by his own evidence that the deposit of earth in the street is no injury to his property.

We do not say that no damages can be recovered unless the

whole of the track and road-bed is constructed and laid down in the street. What we hold is that, where there is a mere encroachment upon the street, which is no injury to abutting property, no action can be maintained.

REVERSED.