## ENOS v. THE CHICAGO, ST. PAUL AND KANSAS CITY RAILWAY COMPANY.

1. **Railroads on City Streets:** DIAGONAL CROSSING: COMPENSATION TO LOT-OWNERS. Under section 464 of the Code, city streets cannot be occupied longitudinally by railroads without the consent of the city and compensation to the abutting lot-owners; and also, under the same section, where a railroad was laid diagonally across two streets at their intersection, so that the street in front of plaintiff's corner lot was occupied thereby, *held* that plaintiff was entitled to compensation.

2. ———: COMPENSATION TO LOT-OWNERS: BENEFIT BY EMBANKMENT. The fact that plaintiff's lot was subject to inundation, and that the embankment of the railroad was above high water, and might protect the lot from overflow, was no reason why plaintiff should not recover,—those facts, and all the circumstances of the case, having been submitted to the jury's consideration in determining plaintiff's damages.

*Appeal from Polk District Court.*—HON. MARCUS
KAVANAGH, Judge.

FILED, MAY 31, 1889.

ACTION to recover damages resulting to plaintiff
from the construction of a railroad on a street upon
which plaintiff's lot abuts. There was a judgment upon
a verdict for plaintiff. Defendant appeals.

*Hubbard & Dawley*, for appellant.

*McHenry, McHenry & McHenry*, for appellee.

BECK, J.—I. The evidence shows that the plaintiff's
lot is situated upon the corner of Monroe and Fourth
streets in the city of Des Moines. The railroad crosses Monroe street at an angle of thirty-eight degrees, and also crosses Fourth street. The track is upon an embankment,
which touches the corner of the lot. From the evidence,
it appears that the railroad is upon Monroe street from
the corner at the intersection of the streets to the other
corner, though of course it does not occupy all of the
streets for the whole of the distance, but recedes from
the lot in the direction away from the intersection of the
streets. This was plainly shown by a diagram in the
case, used by counsel at the oral argument.

*1. RAILROADS on city streets: diagonal crossing: compensation to lot-owners*

II. Code, section 464, declares that cities "shall
have the power to authorize or forbid the location or
laying down of tracks for railways or street railways on
all streets, alleys and public places; but no railway track
can thus be located and laid down until after the injury
to the property abutting upon the street, alley or public
places upon which said railroad is proposed to be located
has been ascertained and compensated" in the manner
provided by law. Code, section 1262, provides that any
railroad company "may raise or lower any * * *
highway for the purpose of having its railway cross over
or under the same." Counsel for defendant insist that

under this section last cited a railroad may be constructed across a street; that it may be built so as to "cross over" the street without the consent of the city authorities, and without becoming liable to the abutting lot-owner. Without assenting to this proposition, it may be assumed to be correct for our present purposes in connection with this case. Counsel then argue that the railroad in this case simply "crosses over the street," and therefore it was not necessary to have authority of the city, or make compensation to the plaintiff. It is plain that the purpose of the statute just cited was to forbid the occupancy of streets by railroads running longitudinally, without the consent of the city and compensation to the abutting land-owners. The necessity for this provision is obvious. It is demanded in order to preserve the thoroughfares which are demanded by the business of the cities and the comfort of their people. If a railroad may occupy, longitudinally, streets at its own will, the very existence of the city as a place of business and comfortable abode will depend upon the moderation of railroad corporations in exercising their power in this regard. Under section 464, city streets cannot be occupied longitudinally without the consent of the city and compensation to the abutting lot-owners. We need not inquire as to the right to construct railways across streets of cities.

III. Is the occupancy of a street in front of an abutting lot by a diagonal crossing within the contemplation of section 464? We think it is. A diagonal crossing may occupy a street for a distance which practically would have the same effect in injury to the abutting lot-owner as the longitudinal occupancy of the street. Suppose a square be occupied by making the diagonal crossing, the street for that distance is occupied by the railroad; indeed the angle of crossing may be so obtuse that many squares may be wholly occupied, yet the crossing will be diagonal in fact. In the case before us the street is occupied in front of plaintiff's lot. He suffers the same injury which would result from a simple longitudinal occupancy, and should be

compensated therefor in the same manner.    The district court correctly so held.

IV.   Counsel insist that, as the plaintiff's lot was subject to inundation from high water, the embankment on which the railroad track was laid, being above high water, would not have been an injury to plaintiff.   Doubtless the embankment, under some circumstances connected with inundation, would not have been an injury,  or so great an injury as it would have been were the lot not subject to inundation.  But it cannot be rightly claimed, because of the fact that plaintiff's lot is low, that he cannot recover at all for the construction of the railroad.   The question  as to the height of  the embankment, the fact that the lot was subject to inundation, and all circumstances of the case, were submitted, by an instruction, to the jury's consideration in determining plaintiff's damages.   We discover no error in the case.   The judgment of the district court is                                    AFFIRMED.

