JOHN C. GATES, Appellant, v. CHICAGO, ST. PAUL & KANSAS CITY RAILWAY COMPANY, Appellee.

1. **Railroads**: OCCUPATION OF CITY STREETS: CROSSING : DAMAGES. The defendant, in constructing its road across one of the streets of a city, built an embankment across said street to the heighth of five feet above the established grade, and at an angle of ninety-seven degrees, upon which its ties and rails were laid. In constructing a crossing over said embankment for travel upon the street thus crossed the defendant filled in along said street in front

of the plaintiff's property for the distance of about fifty-four feet, thus forming an incline in front of the plaintiff's property from the grade of the street to about four feet above. No part of said railroad nor of the embankment or fills touched upon the plaintiff's property, nor did said property abut upon any part of said street covered by the upper portions of the embankment, and the ties and rails thereon, but it did abut upon that part of said street that would have been covered by the lower part of the embankment, had it been constructed without an approach, and of the usual width, and did abut upon the portion of the street covered by the foot of the embankment and the fill. *Held*, that the crossing made by the defendant was such as a city or town might authorize or forbid under the provisions of section 464 of the Code, and that the extension of the embankment onto any part of the street abutted by the property of the plaintiff was such an occupation of the street by the defendant's track as rendered it liable in damages for the injury done thereby to said property.

2. ―――― : ―――― : ――――. The provisions of sections 1262 and 1263 of the Code of 1873 have reference only to such crossings as are raised or lowered for the purpose of having the railway cross *over* or *under* the same, and are not authority for changing the grade of a city street for the purpose of making a crossing over a railway track laid across such street, and, where the grade of a street is changed for such purpose by a railway company by "filling," to form an approach to its roadbed crossing such street, such approach constitutes a part of the company's "railway track" within the meaning of section 464 of the Code.

*Appeal from Black Hawk District Court.*—HON. J. J. NEY, Judge.

THURSDAY, MAY 21, 1891.

ACTION under section 464 of the Code to recover damages to abutting lots caused by the construction of the defendant's railroad. The defendant's demurrer to the petition being sustained, and the plaintiff electing to stand upon his petition, judgment was entered dismissing the same, from which the plaintiff appeals. *Reversed.*

*Alford & Gates* and *C. W. Mullen*, for appellant: Some part of the railroad must be in the street opposite the abutting owner's property to afford him any relief under section 464 of the Code. *Morgan v. Railroad*, 64 Iowa, 589. Some part of the track or embankment

or roadbed must be in the street opposite the abutting owner's property, in such a manner, or to such an extent, as of itself to injure or damage such abutting owner. *Rinard v. Railroad*, 66 Iowa, 440. When the railroad makes a diagonal crossing in such a way, that a portion of its track, embankment or roadbed is in the street in front of the abutting owner's property, such owner can recover. *Enos v. Railroad*, 78 Iowa, 28. The crossing in this case is not a mere crossing of a street by a railroad, but it is a diagonal crossing made in such a way that a portion of the track or roadbed is within Franklin street in front of plaintiff's property. The railroad cannot shield itself from liability by styling or calling the whole embankment in the street an approach. Section 464 of the Code is not restricted in its operation to the mere physical needs of defendant's embankment or roadbed, but that if any portion of the roadbed or embankment, as required by law, is in the street in front of the plaintiff's property, it is a location and laying down of its tracks in the, street in such a manner and to such an extent that plaintiff, if injured thereby, can recover. The term, locating and laying down, means placing and constructing it. But what is the meaning of the word track as used in this section? Webster gives the several meanings of the word as follows: "(1) A mark left by something that has passed along, as the track of a ship, a wake, track of a meteor, a track of a sled or sleigh. (2) A mark or impression left by the foot. (3) A road or beaten path. (4) Course, way, as the track of a comet. (5) Railways. A permanent way. It means something more than the iron rails or the rails and ties. It includes in its meaning the rails, the ties, the roadbed and embankments; where there is a deep depression of the surface it embraces the whole fill, trestle work, bridges, etc. Where there is an elevation or hill it includes the cut. It includes the whole impression or change made in the surface of the earth by the road, as a step changes the appearance of the ground in its immediate locality, leaving a mark

which is called a track. In Illinois it has been held
that the words, railroad track, include land held in
actual use by the railroad company for sidetracks,
switches and turn-outs, and also the right of way of the
company. *C. & A. Ry. Co. v. People*, 98 Ill. 350;
*Buchner v. Railroad*, 56 Wis. 403; 60 Wis. 264. The
true construction of section 464 of the Code is this: If
a railroad, in building its line or in constructing any of
the physical or legal requirements of the road, either in
the shape of roadbed, embankments, approaches or cuts,
occupies a street in such a manner as to damage an
abutting property-owner, it is in the contemplation of
the statute a location and laying down of its track in
the street. *Mulholland v. Railroad*, 60 Iowa, 740;
*Drady v. Railroad*, 57 Iowa, 393; *Hansen v. Railroad*,
61 Iowa, 588; *City of Denver v. Bayer*, 23 Am. L. Reg.
440, and note. It has been held in this state that the
embankment and approach of a road are a part of its
track or roadbed. *Farley v. Railroad*, 42 Iowa, 234;
*City of Newton v. Railroad*, 66 Iowa, 442. In Wis-
consin this question has been before the supreme court
in such a manner as to involve a full discussion and a
positive decision as to the extent that lateral cuts or
embankment approaches form a part of the roadbed or
track. *Buchner v. Railroad*, 56 Wis. 403; 60 Wis.
264; *Sioux City, etc., Ry. Co. v. Weimer*, 20 N. W.
Rep. 349. The words on and upon a street are broad
enough to include a railway track that is laid across a
street. The track is certainly on and upon the street
for the distance it occupies in crossing the street. In
*Drady v. Railroad*, 57 Iowa, 407, this court said: "It
is apparent from examination of section 464 of the Code
that the legislature had two distinct objects in view,
namely: *First.* To give to the cities complete control
over their streets, and to empower them to forbid their
occupation by lines of railway. *Second.* To provide that
the streets could be occupied by railway tracks only
after compensation for the injury to the abutting
property. The adoption then of section 464 was a
repeal of section 1262, or the judicial construction of

said section, so far as it relates to cities and towns announced in *Milburn v. Cedar Rapids*, 12 Iowa, 258. If the railway in making its crossing confined the approach to its right of way, and such approach did not intrude in the street in front of private property, the railway company would not be liable. But when it extends the embankment which it is required to build in the street, to afford the public an opportunity to cross over its road along such street to such a distance and height as to raise the grade of such street in front of an abutting owner's property, then it has, within the meaning of the statute, located and laid down a portion of its track and roadbed, which it is under a legal necessity of building in the street in front of an abutting property-owner, and must pay all damage to such abutting owner as is given in the manner of arriving at the same by section 464. By this construction sections 464 and 1262 can be harmonized and full effect given to all the provisions of each, though at the expense of some violence to other sections cited.

*O. C. Miller* and *Fouke & Lyon*, for appellee: Section 1262 of the Code in its original form authorized the construction of railway tracks along and upon the streets of a city without the consent of the municipal authorities, and without the payment of damages to abutting property-owners, or to the city. *City of Clinton v. Railroad*, 24 Iowa, 455. The only liability which would accrue from the proper construction of a railway track on a street was in a case where the fee of the street was in the adjoining property-owner. *Kucherman v. Railroad*, 46 Iowa, 366. Section 1262 was amended by the fifteenth general assembly substituting the word "cross" for the word "pass" in the third line of the section, and by adding to the end of it the words "at such place of crossing." The question presented by this case involves the construction of the words "cross over" in section 1262, and the words "on" and "upon" of section 464. As the same general assembly created both of these sections in the form in which they now

exist, the presumption is conclusive that one does not repeal the other in any part. In section 1262 the words "cross over" are wholly unrestricted, and, under the rule laid down in *Milburn v. Cedar Rapids*, 12 Iowa, 258, the court will not infer an intention of a restricted use of the words. The right plainly given by the statute is to " cross over" any public highway. The plaintiff brings his action under section 464, and must show his right to recover by reason of his property abutting upon the street upon which the defendant has laid down its track. The averments of the petition show conclusively that no part of the ties or rails are in the street opposite plaintiff's property. The portion of the embankment necessary for the operation of defendant's road is the portion upon which the ties and rails rest. The fill of the approach in the street is in no manner necessary to defendant for the operation of its railway. To entitle plaintiff to recover he must show by the allegations of his petition that some portion of the street in front of his property is occupied by the defendant's track. *Morgan v. Railroad*, 64 Iowa, 590 ; *Rinard v. Railroad*, 66 Iowa, 441. The plaintiff has no right to designate any part of the approach "an embankment." The defendant was obligated by law, when it crossed the street, at whatever grade it might adopt, to make suitable and proper approaches to such crossing. Under section 1262 the right of a railway to cross the streets of the city without the consent of the city council and to raise or lower the grade of such street for the purpose of such crossing is clear and explicit, we think, and the language is free from any ambiguity. *State v. Railroad*, 63 Iowa, 508. The absolute right to thus cross a street is tacitly recognized in *Morgan v. Railroad*, 64 Iowa, 590; *Ottenot v. Railroad*, 23 N. E. Rep. 169 ; *Bellinger v. Railroad*, 23 N. Y. 42; *Uline v. Railroad*, 101 N. Y. 98 ; s. c., 4 N. E. Rep. 536 ; *Conklin v. Railroad*, 102 N. Y. 107 ; s. c., 6 N. E. Rep. 663. Before the change in section 1262 by substituting the word "cross" for the word "pass" it was repeatedly held by this court that the

section as it then stood authorized the construction of railroads on and along the streets of a city without any liability to abutting property-owners. By the adoption of section 464 and the change of 1262 the occupancy of a street by a railroad track longitudinally was prohibited, by the former section, except upon a compliance with the conditions therein provided, and by the latter section an unrestricted right was conferred by the legislature to cross any and all streets and alleys of a city upon the grade thereof or any other grade, only making it obligatory upon the railroad company to put such street in suitable condition for the traveling public.

GIVEN, J.—The petition shows that plaintiff is the owner of two lots on the corner of Sixth and Franklin streets in the city of Waterloo, upon which lots are two dwelling-houses; that the defendant located and constructed its railroad diagonally across Franklin street at an angle of ninety-seven degrees, and that in constructing the same an embankment was made about five feet above the established grade of Franklin street. That in constructing a crossing over said embankment, for the travel on Franklin street, the defendant filled in along said street in front of the plaintiff's property for a distance of about fifty-four feet, thus forming an incline in front of plaintiff's property from the grade of the street to about four feet above. That, while no part of the railroad or the embankments or fills touch upon the plaintiff's property, nor does said property abut upon any part of Franklin street covered by the upper portions of the embankment and the ties and rails thereon, it does abut upon that part of Franklin street that would have been covered by the lower part of the embankment had it been constructed without an approach, and of the usual width, and does abut upon that part of Franklin street covered by the foot of the embankment and the fill for the crossing as constructed. The plaintiff alleges that because of such location and construction and the operation of the railroad he is damaged, and that the defendant did not

cause the injury to. be compensated, wherefore he asks to recover. The grounds of demurrer are that the facts stated do not constitute a cause of action against the defendant, and for the reason that the law made it incumbent upon the defendant to construct the crossing.

I. It is claimed in support of the demurrer that under section 1262 of the Code the railroad may be con-

1. RAILROADS: occupation of city streets: crossing: damages.

structed across a street without the consent of the city or town, and without becoming liable to abutting lot-owners under section 464. Section 464 of the Code declares that cities "shall have the power to authorize or forbid the location or laying down of tracks for railways or street railways on all streets, alleys and public places; but no railway track can thus be located and laid down until after the injury to the property abutting upon the street, alley or public places upon which said railroad is proposed to be located has been ascertained and compensated" in the manner provided by law. Code, section 1262, provides that any railroad company "may raise or lower any highway for the purpose of having its railway cross over or under the same." It will be noticed that compensation is only provided for injury to the property that abuts upon the street upon which the railroad track has been or is proposed to be located. In *Morgan v. Railroad*, 64 Iowa, 589, it was held that this provision only applies to property that abuts upon the portion of the street occupied by the track. The evident purpose of section 464 is to give to towns and cities the control of their streets, as against the occupation thereof by railroad tracks longitudinally thereon, and to provide compensation to owners of property abutting upon the part of a street, etc., that has been or is to be occupied by a railroad track to the damage of the property. Ordinarily a track crossing a street does not occupy any part of that street in front of property abutting upon it, and in such case there is clearly no liability. It is equally clear that when the track occupies the street longitudinally there is abutting property and liability for damage

thereto. If the track crosses the street at such an angle as that property does not abut upon it, there is no liability ; but if it crosses at such an angle as to occupy any part of the street in front of property abutting upon it, this is an occupation longitudinally. *Enos v. Railroad*, 78 Iowa, 28. We are clearly of the opinion that the city or town may authorize or forbid such a crossing, and that the company is liable for damages to abutting property. Whether cities and towns may forbid a crossing made at such an angle as that there is no abutting property we do not determine, as the question is not necessarily involved in this case.

II.   Section 1262 of the Code provides that any railroad company "may raise and lower any  *  *  * highway for the purpose of having its railroad cross over or under the same ; and in such cases said corporation shall put such highway, as soon as may be, in as good repair and condition as before such alteration." The appellee contends that under this authority it may locate and lay down its track across streets, etc., without permission from the city or town. As said in *Enos v. Railroad*, *supra*, the necessity for giving the cities and towns power to prevent the occupation of their streets longitudinally is obvious. Those reasons, however, do not apply with equal force to the crossing of streets in a way that does not occupy in front of property abutting upon them. It is a well-known fact that to occupy a street longitudinally does interfere with public travel, even to the extent sometimes of totally preventing it, and that the railroad crossing does not hinder travel to such an extent. Considering these two sections together as they now stand, their amendment by the same general assembly, and the reasons for the amendments and for the law as it now is, we are led to the conclusion that cities and incorporated towns have not the power to forbid the location and laying down of railroad tracks across their streets, but may forbid the location and laying down of such tracks when they occupy the street in front of property abutting thereon to the damage of the property. To hold that

cities and towns may forbid any crossing of their streets
with railroad tracks would put it in their power to pre-
vent the construction of railroads into or through their
limits. With the right to cross streets so as not to
occupy them in front of property abutting thereon a
railroad company may, by acquiring right of way
between streets to be crossed, construct its road into or
through a city without its permission. If it may not
cross streets without permission. then it may be entirely
barred from entering or passing through the city, to the
prejudice of other parts of the country. Surely such a
power was never intended. It is said this may be safely
left to cities, and that their anxiety for railroads will
prevent any abuse of the power ; but this does not argue
against the unreasonableness of such a power, nor put
words into the statute that would confer it.

III. According to the petition, the track crosses
Franklin street at an angle of ninety-seven degrees,—
an angle varying but seven degrees from a right angle.
It cannot be said from the angle alone that the track
occupies any part of the street abutted by plaintiff's
property. It does appear that the embankment upon
which the ties and rails are laid does occupy a part
of Franklin street, upon which plaintiff's property
abuts. Question is made whether the embankment is
included in the words "railway track," as used in sec-
tion 464. The damage allowed is not that caused by
the laying down of the rails and ties, but for the loca-
tion and construction of the railroad. The provision
requiring that this damage shall be ascertained and
compensated before the track can be located and laid
down does not limit the damage to that caused by what
is often called the "track," as distinguished from the
"roadbed." The track of a railroad is not merely the
rails and ties upon which cars are run, but it is
the "road, course, way" ( Webster ), and includes all
that enters into and composes the road, the course and
way. The embankment upon which the rails and ties
are laid is a part of the whole that makes the railroad
track. If, because of the angle of the crossing, the

height of the embankment, and consequent width of its base, the embankment extends onto a part of Franklin street, abutted by plaintiff's property, and the property is injured thereby, the plaintiff has a right of action under section 464.

IV.    Counsel for the appellee urge, as reasons why the company should not be held liable for damages caused to the plaintiff by constructing the highway crossing, that it was constructed 2. —: —: —. in obedience to the requirements of section 1262 of the Code, and because it is not part of the railroad track.

The authority given to appellee by section 1262 is to "raise or lower any  *  *  *  highway for the purpose of having its railroad cross over or under the same." Franklin street was not raised for the purpose of having the railway cross over or under the same, but for the purpose of having it cross on the railway at its grade. This section does not authorize the changing of highways for such purposes, nor are we aware of any provision of the statute that does. Section 1268 of the Code requires railroad companies to construct, at all points where such railway crosses any public highway, good, sufficient and safe crossings and cattle-guards. It is evident that this provision is not intended to apply to streets in cities and towns. The duty imposed upon railroad companies by sections 1262 and 1263, to put and maintain the highway in good condition, has reference only to those that are raised or lowered for the purpose of having the railway cross over or under the same. We think that in raising Franklin street as and for the purpose it did the company was acting without authority of statute, and that the construction of the highway crossing was not in obedience to the requirements of section 1262. The fill forming the approach to the crossing was rendered necessary by reason of the railroad being located and constructed as it was. While it is true the railroad could have been operated without the crossing, yet, as the crossing was rendered necessary by reason of the construction of the railroad, it would not have been a complete railroad without the crossing.

In view of the necessity of the relation that the crossing sustains to the railroad, and the fact that it was constructed by the railroad company, we are led to the conclusion that it is a part of the railroad track, within the meaning of that term as used in section 464 of the Code.

These considerations lead us to the conclusion that the petition does state facts showing a cause of action against the defendant, and that the court erred in sustaining the demurrer.   REVERSED.