PETER NICKS, Appellee, v. CHICAGO, ST. PAUL & KANSAS CITY RAILWAY COMPANY, Appellant.

| 84 | 27 |
| 111 | 550 |
| 84 | 27 |
| 127 | 435 |

1. **Railroads:** OCCUPATION OF CITY STREETS: DAMAGE TO ABUTTING PROPERTY.  Where a railroad crossing was so constructed that one of the approaches extended along in front of the plaintiff's premises, the base at one end covering the street within two to four feet of the lot line, and at the other end extending to within twenty-one feet of said lot line, and rising at the latter end to a height of ten feet above grade, *held*, that such approach was a "railway track" within the meaning of section 464 of the Code, and that the plaintiff was entitled to recover of the railroad company for the damages sustained.

2. ———: ———: ———.  A railroad company is not relieved from liability on account of such damage by reason of the crossing having been constructed under the authority of section 1262 of the Code.

3. ———: ———: ———.  Neither can such liability be averted because said crossing was erected under the sanction and direction of the city.

4.   ———: ———: ———: CHANGE OF GRADE. Where a change of grade in a city street was occasioned by the laying of a railroad track thereon, *held,* that the right of an abutting property owner to recover damages sustained because of such occupation of the street was not dependent upon improvements having been made according to the previously authorized grade.

5.   ———: ———: ———: MEASURE OF DAMAGES. The measure of damages in such case is the difference in the value of the abutting property before and after the construction of the crossing.

6.   **Practice in Supreme Court:** ERROR WITHOUT PREJUDICE. Where counsel for one of the parties to a cause, in his argument to the jury, cited as facts certain matters about which no testimony had been introduced, but the court instructed the jury not to consider these statements as in any way affecting the plaintiff's right of recovery, *held,* that there was no showing of prejudice such as would warrant remanding the cause for a new trial.

*Appeal from Dubuque District Court.*—HON. D. J. LENEHAN, Judge.

TUESDAY, OCTOBER 27, 1891.

ACTION to recover damages to the plaintiff's lots, alleged to have resulted from the construction and maintenance of a street crossing above the defendant's railroad track. Trial to a jury, and verdict and judgment for the plaintiff. The defendant appeals. *Affirmed.*

*Fouke & Lyon* and *Lusk & Bunn,* for appellant.

*J. H. Shields,* for appellee.

GIVEN, J. The following is a sufficient statement of the facts for a correct understanding of the questions discussed: The appellee is the owner of subdivisions 4 and 5 of mineral lot 322 with a frontage of one hundred and seventy-two feet on Jackson boulevard, and six hundred and eighty-eight feet on Peru road, in the city of Dubuque. These lots have been used for many years for gardening purposes only, but are adjacent to lands that have been platted into residence lots and built upon to some extent, and

are susceptible of being so used to advantage. By ordinance of June 8, 1885, the city granted to the Dubuque & Northwestern Railway Company—the predecessor of the appellant—the right to cross certain streets, including the Peru road. Without other authority from the city, the Dubuque & Northwestern Railway Company laid its track across Peru road on the grade of the road in 1885 or 1886. In 1887 the appellant, having succeeded the Dubuque & Northwestern Railway Company, without further authority from the city, excavated at the crossing, so as to put its track about eight feet below the grade of the Peru road, thereby making the crossing more difficult and dangerous. Afterwards, in 1887, the appellant petitioned the city council for leave to make an overhead crossing, according to certain plans, whereby the street travel would pass over the railroad tracks. Leave was granted by resolution, the crossing to be constructed under the supervision of the city engineer. The crossing constructed according to these plans being too steep, the city engineer drew a plan for a change of the grade, and the appellant asked, and by resolution of the council was granted, permission to change the grade of the crossing according to this second plan. The crossing as constructed consists of a bridge forty-four feet long, spanning the three railroad tracks twenty feet in the clear below, and embankments of earth forming the approaches. It is sufficiently definite to say that the general direction of the Peru road is east and west, that of the railroad north and south, and that lot 4 is in the southwest angle, and lot 5 immediately west of 4, both fronting north on Peru road. The embankment forming the west approach commences ten feet west of the line between the lots, and about two hundred and twenty feet west of the bridge, at the grade of Peru road, and ascends to a height of twelve feet at the bridge. The embankment is eighteen feet wide on the top, the south side sloping to within two to twenty-

one feet of the appellee's north line. It will be seen from this statement that the embankment extends across the entire front of lot 4, and ten feet of lot 5; that at the east end the base of the embankment covers the street within two to four feet of the lot line, and at the west end within twenty-one feet, and to a height from grade to say ten feet above. It is upon these facts the rights of the parties under the law must be determined.

I. This court has held that an embankment forming the roadbed and embankments forming approaches to the highway or street crossings, rendered necessary by the construction of a railroad, are a part of the "railway track," within the meaning of section 464 of the Code. *Farley v. Chicago, R. I. & P. Ry. Co.*, 42 Iowa, 237; *City of Newton v. Chicago, R. I. & P. Ry. Co.*, 66 Iowa, 423; *Gates v. Chicago, St. P. & K. C. Ry. Co.*, 82 Iowa, 518; Code, sec. 1262. It is also held that if, by reason of the angle at which a railroad track crosses a street, or the width of its embankments, the "railway track," as thus defined, extends onto any part of the street crossed in front of property abutting upon such street, it is an occupation of that street longitudinally, and the owner of such property is entitled to recover for injury thereto by such occupation, under section 464. *Morgan v. Des Moines & St. L. Ry. Co.*, 64 Iowa, 589; *Enos v. Chicago, St. P. & K. C. Ry. Co.*, 78 Iowa, 28; *Gates v. Chicago, St. P. & K. C. Ry. Co.*, supra. There can be no question but that the west approach to this overhead crossing does extend along Peru road in front of the appellee's lots, and that under these statutes and decisions he is entitled to recover any damage he has sustained by reason thereof.

II. The appellant contends that it is not liable, for the reason that it constructed the crossing under the authority of said section 1262. While that section authorized the appellant to

1. RAILROADS: occupation of city streets: damage to abutting property.

2. —: —: —.

raise this crossing for the purpose of having its railway cross under it, it required the appellant to put the highway in as good condition as before such alteration. This authority does' not exempt the appellant from damages for which it is otherwise liable. The appellant acquired its right of way within this state under authority given to it by the laws of the state, but it will not be contended that because of this authority it had power to take a right of way without compensation. No more may it damage abutting property, as contemplated in section 464, without making compensation. It is also argued that, as no part of the crossing or embankments rested upon the appellee's property, he has no legal claim under the law. The compensation provided for in section 464 is not for property taken, but for damages to abutting property.

III. The appellant also contends that, as the crossing was constructed under the sanction and direction of the city, the claim for damages, if any, must be made against the city, and not against the appellant. Under the ruling in *Gates v. Chicago, St. P. & K. C. Ry. Co.*, *supra*, the city did have power to authorize or forbid the laying down of this railway track in Peru road as it was laid down; but what we have said as to the appellant's authority under section 464 is equally applicable to the authority it had from the city. The city had no power to waive damages to which the appellee may be entitled under the statute. The further answer to this claim is that in the ordinance under which the appellant occupied the Peru road it is expressly provided: "The company to pay all claims against the city for damages caused to any person or property by the construction of said railway across or along any street or public place."

IV. The appellant also contends that the construction of the crossing was a change in the grade of

Peru road, and that, as the appellee had
**4. —: —: —:** neither built nor made other improvements.
change of
grade.  according to the previously authorized
grade, the change did not injure or diminish the value
of any improvements.   The appellee's right to recover
is based upon section 464, and is for injury to the land
as well as improvements.   The rule relating to dam-
ages resulting from a change of grade is not applicable
to the case.

V. The rule of damages laid down by the court
was the difference in the value of the plaintiff's prop-
erty before and after the construction of
**5. —: —: —:** the crossing.   The appellant complains
measure of
damages.  that this excludes from consideration any
benefit that resulted to the property from the construc-
tion of the crossing.   We are clearly of the opinion
that this instruction was correct, and that in the giving
and refusing of instructions the court acted in harmony
with the foregoing views of the law.

The verdict was for fifteen hundred dollars,
and the court, upon its own motion, reduced it to
one thousand dollars, and entered judgment for that
amount.   We are not prepared to say from the testi-
mony that the amount for which judgment was entered
is excessive.   It is certainly not so excessive as to
warrant an interference with the judgment on that
ground.   We have examined the several exceptions to
rulings admitting and rejecting testimony, and fail to
discover any substantial or prejudicial errors in the
rulings.

VI. The appellant complains of the course pur-
sued by counsel for the appellee in his argument.
There is much reason for this complaint.
**6. PRACTICE in**
supreme  In discussing the amount of damage,
court: error
without preju-  counsel cited as facts matters about which
dice.
there was no testimony, and went quite
beyond the limit of a legitimate discussion of the issue.
The court properly instructed the jury not to consider

these statements as in any way affecting the plaintiff's right of recovery or the amount of his damages. Much as we disapprove such course of argument, we are satisfied that with the instruction given no prejudice resulted from it.

Our conclusion upon the whole record is that the judgment of the district court should be AFFIRMED.