D. S. HITCHCOCK, Appellant, v. CHICAGO, ST. PAUL & KANSAS CITY RAILWAY COMPANY, Appellee.

1. **Railroads**: CROSSING: APPROACHES: DAMAGE TO ABUTTING PROPERTY. A railroad company is liable for damages to property abutting upon a city street resulting from the construction of an embankment in the street, in front of such premises, for an approach to a crossing over its railroad track running at right angles with such street.

2. ———: TRAINS RUN AT UNLAWFUL SPEED: VIBRATIONS: DAMAGE TO NEIGHBORING PROPERTY.  A railroad company is not liable for damages to property abutting on a city street near its track, on account of vibrations occasioned by the running of trains through the city at an unlawful rate of speed, if such property does not abut upon the railroad company's right of way.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

THURSDAY, MAY 18, 1893.

THIS is an action to recover damages for the negligent construction of a railroad track along a street in the city of Des Moines.  There was a demurrer to the petition, which was sustained.  The plaintiff appeals. —*Reversed*.

*H. S. Wilcox*, for appellant.

*Cummins & Wright*, for appellee.

ROTHROCK, J.—I.  It appears from the averments of the first count of the petition that the plaintiff was

1. RAILROADS: crossing: approaches: damage to abutting property.
the owner of lot 2, in block 51, on Ninth street, in the city of Des Moines, and that the defendant "built an embankment for its track along Scott, and across Ninth and Tenth streets, near lot 2," owned by the plaintiff; that in constructing the railroad an embankment was made where the railroad "is located on said streets, and crosses the same at an unnecessary height, so that the necessary approach thereto raised Ninth street in front of said lot two feet, and the embankment, together with the necessary approaches thereto, became, and ever since have been, an obstruction to the use of Scott street, and Ninth and Tenth streets, where they are ordinarily used in going from and to lot 2, block 51, and that they have thus rendered said lot subject to overflow from surplus water, made it difficult of access, and undersirable for residence or business purposes."

In our opinion there is in this count of the petition a distinct averment that the defendant raised Ninth street two feet in front of the plaintiff's property, and we infer that Ninth street crosses Scott street at right angles. The railroad is constructed along Scott street, and the embankment of two feet in front of the plaintiff's property is part of the approach to the railroad track. How far the plaintiff's lot is from the intersection of the streets does not appear. If the defendant, in making an approach to the railroad, erected an embankment in front of the plaintiff's property, to his damage, he has a right of action, because the approach is part of the railroad. *Gates v. Chicago, St. P. & K. C. R'y Co.*, 82 Iowa, 518.

It is true that the plaintiff claimed damages for obstructing other streets upon which his lot did not abut. But a petition is not vulnerable to a demurrer because it claims more than the plaintiff is entitled to; and it may be that there should have been additional averments to the effect that the acts of the defendant were not merely negligent, but that the obstruction in front of the plaintiff's lot was wrongful, and without right, unless damages were paid. But we think the averments in that respect were sufficient on demurrer.

II. Another count of the petition was based on a claim that the defendant violated an ordinance of the city in running its trains along Scott street at such an excessive rate of speed that "the ground about the dwelling house on said lot 2 has been shaken, and by its being shaken, and the disturbance in the air caused by said rapid running of trains, engines, and cars, the foundation, walls, ceilings, and other portions of said house have been much cracked and shattered, thus damaging said house in its value one thousand dollars." The demurrer, so far as it attacked this count of the petition, was properly sustained. There is no aver-

2. ——: trains run at unlawful speed: vibrations: damage to neighboring property.

ment that the plaintiff's lot abuts on Scott street. It appears from the other count that the railroad track in Scott street is "near lot 2, block 51." What that may mean, no one can tell. It is evident that there must be at least one lot between lot 2 and Scott street. The averments of the petition should be sufficiently explicit to enable the court to determine, so far as can be, from the face of the pleading, whether the plaintiff has any just cause of complaint.

For the error in sustaining the demurrer to the first count of the petition, the judgment of the district court is REVERSED.