LIZZIE DAIRY, Appellant, v. IOWA CENTRAL RAILWAY COM-
PANY.

**Obstruction of Street Railroad:**    LIABILITY FOR DAMAGES TO NON-
ABUTTING OWNER.    Where a railroad constructed along the street
crosses an avenue on an embankment nine or ten feet high,
destroying the use of the avenue, obstructing travel and divert-
ing it therefrom it is liable in damages to one whose lot faces
on the avenue sixty feet from the crossing.    *Morgan v. Ry.*
64 Iowa, 589; *Gate v. Ry.*, 82 Iowa, 518; *Enos v. Ry.*, 78 Iowa,
28, and *Rinard v. Ry.*, 66 Iowa, 440; distinguished.

**Review on Appeal:**    ASSIGNMENTS OF ERROR.    The court erred in
rulings on evidence to which plaintiff excepted, as shown in
this abstract; erred in sustaining motion (containing seven
grounds) from the jury and erred in not submitting the case to
the jury, are insufficient.

STATUTE OF LIMITATIONS. Where a verdict is directed for plaintiff, he cannot, on defendant's appeal, urge a plea of the statute as to which no evidence was adduced below.

*Appeal from Mahaska District Court.*—HON. JOHN T. SCOTT, Judge.

SATURDAY, DECEMBER 22, 1900.

PLAINTIFF, the owner of a lot in the city of Oskaloosa, upon which she resides, brings this action to recover damages for injury done her property by reason of the construction and maintenance of defendant's railway along and across certain streets in said city. There was a directed verdict and from the judgment rendered thereon against plaintiff for costs she appeals.—*Reversed.*

*Bolton, McCoy & Bolton* and *Dan Davis* for appellant.

*Geo. W. Seevers* and *L. C. Blanchard* for appellee.

WATERMAN, J.—Kossuth or F street in the city of Oskaloosa runs north and south, and crosses Third avenue at right angles. Defendant's railway is laid upon Kossuth street. The track is placed upon a considerable embankment, the height of which across Third avenue is 9 or 10 feet. Plaintiff's property is in the angle formed by the two streets. Her lot fronts on Third avenue, and is 60 feet east of Kossuth street. The cause of action set up here is for the obstruction of Third avenue, and because surface water has been turned by the railway embankment back upon plaintiff's property. She claims that no adequate crossing has been provided over Third avenue, and that the natural flow of the surface water has been obstructed.

But four errors are assigned, and three of these, because of their general and indefinite character, we cannot consider. The second assignment is: "The court erred in its rulings upon the evidence to which plaintiff excepted, as shown in this abstract." We have heretofore held such an assignment insufficient. *Garrett*

*v. Wells,* 63 Iowa, 256; *Dungan v. Railway Co.,* 96 Iowa, ·161. The third assignment is that the court erred in sustaining the motion to take the case from the jury. The motion contained seven distinct grounds. Under similar circumstances such an assignment has been condemned. *Barrett v. Kemp,* 91 Iowa, 296; *Hasner v. Patterson,* 70 Iowa, 681; *Shakman v. Potter,* 98 Iowa, 61. The last assignment, which we also regard as insufficient, is to the effect that the court erred in not submitting the case to the jury. See *Hokenson v. Mining Co.*[*] (Iowa), 82 N. W. Rep. 1012. We have, then, but one matter to consider, and that is presented in the first assignment of error, which sets up that the court erred in no permitting plaintiff to prove her cause of action based on the obstruction to travel on Third avenue. It will be observed that plaintiff's property is 60 feet distant from the Third avenue crossing, of which she complains. Another fact about which there is no dispute is that defendant's track was laid with the consent of the city, and has been maintained in its present location for some time. It is insisted by defendant that plaintiff suffers no injury that is not common to all the owners whose lots abut on Third avenue. The claim is broadly made that, as plaintiff's property does not abut on the track at the crossing, she cannot maintain an action for damages; and this seems to have been the view taken by the trial court, for all evidence as to the obstruction of Third avenue, and the effect thereof on plaintiff's property, was excluded. Reliance is had by defendant for support in this position principally on the case of *Morgan v. Railway Co.,* 64 Iowa, 589. Some language is used in that opinion which, taken alone, tends to sustain defendant's contention, but the distinction between that case and the case at bar must not be overlooked. In the *Morgan Case* the plaintiff was seeking to recover damages under section 464 of the Code of 1873, which

---

*NOTE—Not officially reported.—*Reporter.*

gave cities the right to permit the laying of railway tracks
on streets, but provided that no track should be thus laid
until after the injury to property abutting on the street was
ascertained and paid. It is left an open question in the
*Morgan Case* whether the statute applied to the laying of
track across a street merely, and not along it; but it is held
that damages may be awarded under section 464 only to
property abutting upon the street at the point where such
track is laid. In the course of the opinion the court says:
"We are aware that actions have sometimes been maintained
for damages sustained by reason of a nuisance in a street
where the place of the nuisance was simply near the plain-
tiff's property. But the decisions in those cases have no ap-
plication to this. The plaintiffs are claiming under a stat-
utory proceeding for the assessment of damages as, substan-
tially, right of way damages." Neither is the question pre-
sented in the case at bar considered in either of the other
cases cited by defendant, viz.: *Gates v. Railway Co.*, 82
Iowa, 518; *Enos v. Railway Co.*, 78 Iowa, 28; *Rinard v.
Railway Co.*, 66 Iowa, 440. The precise question at issue
here was, however, before this court in *Park v. Railroad Co.*,
43 Iowa, 636. Plaintiff in that case owned certain prem-
ises, which he occupied as a dwelling and for business pur-
poses. The railway company laid its track on an embank-
ment across the only highway affording access to his prop-
erty. The obstruction was not adjoining, but was near to
plaintiff's lot. It was held that the plaintiff was entitled
to damages on a showing that the embankment obtructed
travel, and diverted it from the street, thereby injuriously
affecting his business. It is said in this case that one who
suffers special injury from a public nuisance may maintain
a private action for damages, and that one kind of special
injury resulting from the obstruction of a highway is inter-
fering with access to property. See, also, Wood, Nuisance,
section 657. The *Park Case* has been cited with approval
a number of times by this court. See *Brant v. Plumer*, 64
Iowa, 33; *Bushnell v. Robeson*, 62 Iowa, 540; *Kucheman*

*v. Railway Co.,* 46 Iowa, 366-373 ; *Cain v. Railroad Co.,* 54 Iowa, 255-257.   Now, one ground of plaintiff's complaint in the case at bar is that access to her property has been cut off.   We do not mean to say that a railway company is liable in damages merely for crossing the streets of a city, but only that it may be held when the crossing is made in such a manner as to obstruct travel and divert it from the street, as was here done by a high embankment without proper approaches.   It is true, the petition does not in terms say there were no approaches, but it does aver that an embankment 9 or 10 feet high destroyed the use of the street. We think, on the whole, that plaintiff should have been allowed to introduce evidence to sustain the case she presented in her pleadings, and the trial court was in error in shutting it out.

II.   Defendant pleads the statute of limitations.   In terms this is set up only as a bar to plaintiff's claim for injury by surface water.   But, if it can be taken as pleaded in bar of plaintiff's whole cause of action, we have only to say that no evidence was offered on the question of the length of time the embankment has stood in the condition it now exists, and for this reason, if no other, the plea cannot avail defendant on this appeal.— REVERSED.