R. S. MIDDLETON, Appellee, v. THE MASON CITY AND FORT DODGE RAILROAD COMPANY, Appellant.

**Railroads:** ABUTTING PROPERTY: EXCAVATION OF STREET: DAMAGES.
1  Property abutting upon a street which is excavated to form a crossing over a railroad passing along an intersecting street, is abutting property under Code, section 776, and such excavation, irrespective of length, forms a part of the railroad

track, and damages may be recovered for an injury to the abutting property caused thereby.

**Evidence:** RAILWAY CROSSING: DAMAGES. In an action to recover damages to plaintiff's property caused by the excavation of a street to form a crossing with defendant's track, evidence that the track when completed would be about one foot above the existing level, was properly excluded, where it was not claimed that any change in the character of the excavation was contemplated.

*Appeal from Calhoun District Court.*— HON. F. M. POW-ERS, Judge.

THURSDAY, MAY 4, 1905.

ACTION to recover damages to real estate. The opinion states the case. Trial to jury, and verdict and judgment for plaintiff. Defendant appeals.— *Affirmed.*

*E. C. Stevenson* and *Healy Bros. & Kelleher,* for appellant.

*J. F. Lavender* and *A. N. Botsford,* for appellee.

BISHOP, J.— Plaintiff owns the real estate involved in this action, and the same consists of a tract of ground at the southeast corner of the intersection of Crandall avenue and Orange street, in the town of Lohrville. The property has a frontage on the avenue of one hundred feet and on the street of one hundred and fifty feet. The whole is improved, and occupied by plaintiff as a homestead. Shortly before the commencement of this action the defendant constructed its line of railway through said town, and the same was located and constructed diagonally across said avenue and street intersection, the way occupying practically the entire ground constituting such intersection. To construct the roadbed, a cut of about five feet in depth was made at the intersection, and, for street crossing purposes, the defendant made incline excavations, the one coming to the grade sur-

face of the street about forty feet south and the other about fifty feet east of the track bed. Defendant having refused to recognize any right to damage to plaintiff's property growing out of the situation, this action followed.

I.    The case was submitted to the jury upon the theory that plaintiff was an abutting property owner, and that the petition stated a cause of action under Code, section 767.

1. ABUTTING PROPERTY: excavation of street; damages.    The provisions of that section are as follows: " No railway track can be thus located and laid down (on streets or public places) until after the injury to property abutting upon the street or public place upon which such railway track is proposed to be located and laid down, has been ascertained and compensated for," etc.    The jury was instructed that the term " railroad track," as used in said section, included cuts, fills, and other structures constituting its roadbed, and, further, in substance, that if the cuts in question forming the approaches to the track bed of defendant's railway resulted in injury and damage to the property of plaintiff, compensation must be made to him therefor.    Appellant contends for error upon two grounds: First, that " the court erred in holding as matter of law that plaintiff became an abutting owner, under the provisions of section 767 of the Code, from the mere fact that the streets were excavated by the railroad company in front of his property in order to facilitate the public use of the streets over defendant's tracks "; second, that the court erred in assuming " that every approach to a railroad crossing, no matter what its length, forms a part of the crossing, whereas an approach is a part of the crossing or not, depending upon the circumstances of the case, and the question is always one for the jury."

The first ground of contention may be disposed of by reference to the following cases: *Farley v. Railway,* 42 Iowa, 234; *Gates v. Railway,* 82 Iowa, 518; *Nicks v. Railway,* 84 Iowa, 27; *Hitchcock v. Railway,* 88 Iowa, 242.    The case last cited was disposed of on demurrer to the petition.    It

was alleged by plaintiff that his property abutted on Ninth street, in Des Moines; that the railway extended along Scott street and crossed Ninth street; that to cross the track embankment a raise of two feet in the surface of Ninth street in front of plaintiff's property as an approach was necessary, etc. In the opinion it is said: " The railroad is constructed along Scott street, and the embankment in front of plaintiff's property is part of the approach to the railroad track. How far the plaintiff's lot is from the intersection of the streets does not appear. If the defendant, in making an approach to the railroad, erected an embankment in front of plaintiff's property, to his damage, he has a right of action, because the approach is part of the railroad." Counsel for appellant do not dispute the authority of the cases cited. It is their contention that " it cannot be held that, where a street is graded by excavation for the purpose of affording an easier incline from the former surface of the street to the railway track, that all of the street so graded necessarily forms a part of the railway track under the provisions of section 767." On principle we are unable to perceive any distinction between damages caused by an embankment and those caused by an excavation. In our view, either may constitute an approach to a crossing, and hence come within the meaning of the statute. We have examined the cases cited by counsel, and as applied to a case arisng under the statute in question they are not in point.

The second ground of contention is without force. Confessedly, the excavations in their entirety were made to facilitate a crossing over the railroad track. They were not in any sense or in any part made as a part of the highway construction independent of the railway crossing. Moreover, the right asserted by plaintiff is one given by an express provision of statute, and such statute is addressed to no fact conditions save as peculiarly therein designated. And particularly as the excavations were made wholly in front of plaintiff's property, the doctrine of the cases of *Miller v.*

*Boone County,* 95 Iowa, 9, and *Eginoire v. Union County,* 112 Iowa, 562, cited and relied upon by counsel for appellant, can have no application. Those were bridge cases, where the question in dispute was the point where the highway embankment ended and the bridge approach began.

II. Defendant sought to show by an engineer in its employ that the work of construction of its road was not complete; that when complete according to its adopted plan the track bed upon which the ties and rails rested would be elevated about one foot above the existing level. This evidence was refused, and, as it was not pretended that any change in the extent or character of the general excavation giving rise to plaintiff's claim for damages was contemplated, we think it was properly so.

2. EVIDENCE: railway crossing; damages.

Other errors insisted upon are found to be without merit.

We conclude that the judgment was right, and it is *affirmed.*